297 So.2d 638 (1974)
STATE of Florida, Appellant,
v.
Joseph PERRY, Appellee.
No. 73-388.
District Court of Appeal of Florida, Second District.
June 19, 1974.
Rehearing Denied August 7, 1974.
Robert L. Shevin, Atty. Gen., Tallahassee, and John J. Blair, State's Atty., Sarasota, for appellant.
Gerald C. Surfus, of Nelson, Stinnett, Surfus, Payne, Hesse & Cyril, Sarasota, for appellee.
GRIMES, Judge.
Appellee was convicted of possession of heroin. The trial judge granted the appellee a new trial grounded upon the conclusion that the verdict was contrary to the weight of the evidence. The State appeals.
One Daniel McCauley, who was known to local law enforcement agents as a dealer in narcotic drugs, had sold a quantity of such drugs to an undercover agent of the Florida Department of Law Enforcement. As a consequence, this agent obtained a search warrant for McCauley's residence which was located on the south side of 43rd Street in the City of Sarasota. On the evening of October 27, 1972, several law enforcement officers executed the warrant. At about 9:00 P.M., while the agents were still making their search of the McCauley residence, an automobile proceeding in an easterly direction in front of the house made a turn as if to pull into McCauley's driveway. A Sarasota police *639 officer who was standing outside the house turned his flashlight on the car and motioned the car to come into the driveway. He also identified himself as a police officer and commanded the driver to stop.
Instead, the driver accelerated his car and proceeded easterly down the street at a high rate of speed. As the car drove off, the officer observed the driver making some motions with his arms and saw the passenger appearing to hunch over in the front seat. Unfortunately for the two occupants of the vehicle, 43rd Street came to a dead end, and when the driver started to turn around, he backed the car into a drainage ditch. Appellee was identified as the passenger in the vehicle.
Following the apprehension of the occupants of the vehicle, a search was made of the area adjacent to where the car was located when the driver was observed to have made his unusual motions. To the north or driver's side of the road about fifty yards east of the McCauley residence, the officers found five packets of glassine envelopes. Each packet consisted of approximately fifteen envelopes and each was securely bound with a rubber band. The packets were similar in composition to and bound in the same manner as the packets of heroin which had been purchased earlier from McCauley. The five packets were lying in a random pattern and comprised a rough circle of about ten yards in diameter. The packets lying in the grass were found to be dry, although dew had settled upon the surrounding grass. By chemical analysis, the powder in the glassine envelopes was proved to be heroin. Appellee's fingerprints were found on thirty-five of the seventy-four envelopes recovered from the roadside.
There are no cases precisely in point. Appellee cites Malloy v. United States, D.C.App., 1968, 246 A.2d 781, as closely analogous. In that case, the officers had received information that someone was passing something to patients in the maximum security building of a Government hospital. They observed Malloy, who met the description of the suspected party, leaving his car and walking toward the building. Upon approaching, the officers noticed Malloy making a "quick motion, as if he was throwing something away." Neither officer saw an object of any kind leave Malloy's hand or strike the ground. After a protracted search, the officers finally found a silver wrapper containing heroin. A judgment of conviction was reversed. The court held that in view of the difficulty the officers had in finding the wrapper and the fact that the area was open to all who frequented the hospital, the Government had failed to negate the reasonable inference that the wrapper had been dropped by someone other than Malloy.
Appellee also cites People v. Jackson, 1961, 23 Ill.2d 360, 178 N.E.2d 320. There, narcotic inspectors went to an apartment to execute a search warrant. When the officers informed the occupant of their purpose, she turned and ran to the bathroom where she locked herself in for fifteen minutes. The agents could find no contraband in the bathroom. However, the bathroom window opened onto an airwell and at the bottom of the airwell the agents found a package of heroin which was dry. The remainder of the refuse at the bottom of the airwell bore evidence of having been subjected to rainfall, though it had not rained for at least two days. The Illinois Supreme Court reversed the conviction on the premise that since the airwell was open to seven other apartments, the State had failed to establish sufficient evidence that the defendant had ever had possession of the heroin. The court emphasized the fact that the State had presented no evidence of the defendant's fingerprints being on the package.
The one factor which distinguishes the cases cited by appellee from the one at bar is that in each instance the prosecution had no evidence, other than suspicion, to prove that the defendant had ever had the contraband in his possession. In the instant *640 case, the appellee's fingerprints were on glassine envelopes containing the heroin. While fingerprint evidence is circumstantial, it is nevertheless sufficient to prove guilt where it is inconsistent with any reasonable hypothesis of the defendant's innocence. Rhoden v. State, Fla. App.1st, 1969, 227 So.2d 349.
Appellee argues that the State failed to prove that he had these envelopes in his possession at a time when they contained the heroin. cf. Ivey v. State, Fla. App.3d, 1965, 176 So.2d 611. Standing by itself, the mere proof that the appellee had at some time handled the envelopes might not suffice. When considered in light of other facts in the record, the evidence of guilt becomes overwhelming. The appellee was a passenger in an automobile which started to turn into the driveway of a house where narcotics had been sold. When directed to come in, the automobile suddenly sped off. The driver was seen making arm motions suggesting that he may have been throwing something out the window. The packets of heroin were found in the vicinity of where they could be expected to be if the driver had thrown them out. The random pattern of the packets indicates that they were thrown. That such an event had recently occurred was demonstrated by the fact that the packets were dry even though they were resting in dew-laden grass. Finally, the packets were of the same kind as had been purchased from McCauley. While it was the driver rather than the appellee who was seen to have made the arm motions, it must be remembered that appellee's fingerprints were on the envelopes. Moreover, one may be convicted of the illegal possession of narcotic drugs upon proof that the drug was either in his actual or constructive possession. See Spataro v. State, Fla.App.2d, 1965, 179 So.2d 873.
Fully recognizing the broad discretion accorded a trial judge in his determination to grant a new trial when he concludes the verdict to be against the manifest weight of the evidence, we are nevertheless constrained to reverse. The order granting new trial is reversed with instructions to reinstate the jury verdict and to enter an adjudication of guilt together with an appropriate sentence.
MANN, C.J., and McNULTY, J., concur.