George S. Palmer, M.D. Executive Director Board of Medical Examiners Tallahassee
QUESTION:
Is the State Board of Medical Examiners authorized by law to provide additional compensation to members of the board for performing certain duties, such as preparing and grading examination papers and acting as Administrative Procedure Act hearing officers, which are beyond the scope of official board meetings?
SUMMARY:
The State Board of Medical Examiners is not authorized by law to provide additional compensation to members of the board for performing certain duties, such as preparing and grading examination papers and acting as Administrative Procedure Act hearing officers, which are beyond the scope of official board meetings.
Your question is answered in the negative.
In AGO 053-130 this office stated that the Barbers Sanitary Commission was authorized by then existing s. 476.18, F. S., to set a reasonable compensation or salary for its several members,other than the $10 per day allowed while attending official board meetings. This opinion was based on that provision of s. 476.18, F. S., which provided that the commission `shall fix the salary and compensation of its several members and secretary.' Since 1953, the statute, s. 476.18, F. S., has been amended to delete such provision and now fixes the salary of each member of the commission at $100 per month. See s. 476.18(3), F. S. The prior Medical Examiners Board statute, Ch. 12285, 1927, Laws of Florida, provided at s. 1 that:
 . . . [A]ll salaries shall be fixed and paid by the board. All expenses of the board shall be paid out of funds collected by the board and the remainder divided equally among the members of the board. (Emphasis supplied.)
Section 4 of Ch. 28215, 1953, Laws of Florida, amended the then existing Medical Examiners Board statutes to provide:
 Members of the board shall receive ten dollars . . . per day . . . while attending official board meetings . . . . All expenses . . . shall be paid out of the state agencies fund and all salaries shall be fixed and paid by the board. The secretary shall be paid an annual salary of Twelve Hundred Dollars.
Section 2 of Ch. 29867, 1955, Laws of Florida, again amended the pertinent statutes to provide in part: `All expenses shall be paid out of the state agencies fund. The secretary shall be paid . . . ($1200).' (Also see Chs. 61-723 and 61-514, Laws of Florida, which are in pertinent part essentially the same as the 1955 statute, as well as present s. 458.04[1], F. S.)
Thus, the Medical Examiners Board statutes, like the Barbers Sanitary Commission statutes, have been amended or changed to delete the board's authority to fix salaries of members or to divide fees or funds received by the board among its members. Section 5(c), Art. II, State Const., states that the compensation of state officers shall be fixed by law. See also Musleh v. Marion County, 200 So.2d 168 (Fla. 1967), and AGO 077-88 and cases cited therein. Accordingly, neither AGO 053-130 nor the Informal Letter Opinion to Homer L. Pearson, dated June 2, 1954, is valid or controlling under the present statutes and amended statutes. Compensation of board members is today controlled by s. 5(c), Art. II, State Const., and a 458.04(1), F. S.
The statute which controls the answer to your question is s. 458.04(1), F. S., which provides that:
 Immediately after the appointment and qualification of its members, the Board of Medical Examiners shall meet and organize. Said board shall elect a president, vice president, secretary, and treasurer from its membership. The office of secretary and treasurer may be held by one person. Members of the board shall receive $10 per day, or any part of a day, while attending official board meetings, not to exceed 12 meetings per year, and shall receive per diem and mileage as provided in s. 112.061, from place of their residence to place of meeting and return. The secretary shall be paid an annual salary of $1200.
Pursuant to s. 458.041(1), F. S., the board is empowered to appoint or employ an assistant secretary or secretaries and such other personnel including, but not limited to, an executive director and investigators as may be necessary to assist the board in its powers, duties, and obligations as set forth in Ch. 458, F. S. Such personnel are not required to be licensed physicians or members of the board. The assistant secretary or secretaries shall act as deputies to and under the board secretary and be authorized to perform all the powers, duties, and obligations of the secretary as mays be assigned by the secretary or the board. The compensation of such personnel shall be fixed by the board and paid in the usual manner. Section 458.041(2), F. S. However, the common-law rule of incompatibility would prohibit the board from appointing one of its members to a position under the control of the board and setting the compensation thereof. See AGO's 070-46 and 072-102 and authorities cited therein. Since the board assigns the duties to its assistant secretaries and other personnel, the common-law rule of incompatibility prohibits the board from appointing or employing one of its members as such staff assistant to assist the board in carrying out its duties and functions.
Thus, there is no provision in Ch. 458, F. S., which authorizes the Board of Medical Examiners to fix and pay any additional compensation for its several members and secretary. The board's powers are limited to those conferred on it by its enabling statute. State ex rel. Greenberg v. Florida State Bd. of Dent.,297 So.2d 638 (1 D.C.A. Fla., 1974), cert. dismissed,300 So.2d 900 (Fla. 1974). The board is authorized pursuant to s. 458.041(2), F. S., to fix the salaries of assistant secretariesand other personnel. The secretary's salary, like the compensation of the board members, is fixed by s. 458.04(1), F. S., exclusively.
In Florida public officers have a claim for official services rendered only when the law provides for compensation. In the absence of such a law, the services of a public official are deemed to be gratuitous. Rawls v. State, 122 So. 222 (Fla. 1929); Gavagan v. Marshall, 33 So.2d 682 (Fla. 1948). Additionally, statutes dealing with compensation to public officials are required to be strictly construed. Pridgeon v. Folsum,181 So.2d 222 (1 D.C.A. Fla., 1965). Accordingly, in the absence of a statute specifically authorizing compensation for board members inaddition to that provided for at s. 458.04(1), F. S., the board members are not entitled to any such additional compensation for services such as preparation and grading of examination papers or acting as hearing officers.
Prepared by: Sharyn L. Smith, Assistant Attorney General