PER CURIAM.
The judgment of conviction and the enhanced sentence entered thereon are affirmed upon a holding that (1) the information charging burglary was not fatally defective for failure to allege non-consent, see State v. Hicks, 421 So.2d 510 (Fla.1982); (2) the proof with respect to ownership was sufficient, see In the Interest of M.E., 870 So.2d 795 (Fla.1979); Jones v. State, 415 So.2d 852 (Fla. 5th DCA 1982); Adirim v. State, 350 So.2d 1082 (Fla. 3d DCA 1977); cert. denied, 365 So.2d 709 (Fla.1978); (3) the fingerprint evidence establishing the defendant’s presence was sufficient, see Sorey v. State, 419 So.2d 810 (Fla. 3d DCA 1982); State v. Perry, 297 So.2d 638 (Fla. 2d DCA 1974); and (4) the trial court properly enhanced the defendant’s sentence, pursuant to section 775.084(l)(a)2, Florida Statutes (1979), based upon official court records reflecting prior felony convictions and a pre-sentence investigation report not objected to by appellant which characterized him as incorrigible, see Eutsey v. State, 383 So.2d 219 (Fla.1980); McClain v. State, 356 So.2d 1256 (Fla. 2d DCA 1978).
Affirmed.