334 So.2d 289 (1976)
Charles CHUKES, Appellant,
v.
STATE of Florida, Appellee.
No. 75-1074.
District Court of Appeal of Florida, Fourth District.
May 14, 1976.
Rehearing Denied July 15, 1976.
*290 Jack A. Nants, Orlando, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Paul H. Zacks, Asst. Atty. Gen., West Palm Beach, for appellee.
DOWNEY, Judge.
This case involves an application of the recidivist statute, § 775.084 F.S. 1975.
The state filed an information (case CR 75-299) alleging that appellant was convicted of a felony on September 23, 1971, and that within five years thereafter he committed another felony for which he "was tried by a jury and found guilty ... on the 8th day of January, 1975 in case CR 74-2734." The information also alleged that imposition of an extended sentence was necessary for the protection of the public from further criminal activity by appellant.
A hearing was held at which it was made to appear that appellant had been convicted of a felony on September 23, 1971, and had served time therefor in the penitentiary. There was also proof that appellant was tried for a second alleged felony and found guilty in case CR 74-2734, and sentenced to three years. The trial court found the charge in the information in case CR 75-299 was proven, and it sentenced appellant to nine years to run concurrently with the three year sentence in CR 74-2734.
The first point on appeal is that the trial court erred in denying appellant's motion to dismiss the information. We agree the information was defective in that it failed to allege a second felony "conviction", i.e., it alleged the jury had returned a verdict of guilty but it did not allege that the court had entered a judgment of guilty. However, the error is harmless since it is no longer necessary to implement § 775.084 F.S. by way of an information. McShay v. State, Fla.App.4th 1975, 321 So.2d 464.
Appellant next complains that the state adduced no proof whatsoever to show that imposition of sentence under § 775.084 was necessary for the protection of the public from further criminal activity by appellant.
It is quite clear that not every subsequent felony offender must automatically be sentenced as a recidivist under § 775.084, F.S. 1975. A subsequent felony offender may be sentenced as a recidivist only if the court makes various findings in accordance with § 775.084. Such findings must be based upon some evidence. Without such evidence in the record to justify the court's findings, a defendant's right to appellate review would be effectively stifled. In Wright v. State, Fla.App.2d 1974, *291 291 So.2d 118, the court noted with approval Section 5.5 of the American Bar Association's proposed Minimum Standards for Criminal Justice relating to Sentencing Alternatives and Procedures, which section set out special requirements of due process in sentencing one under habitual offender or recidivist statutes. We think the invocation of such statutes requires the evidence relied upon by the trial court for the enhanced sentence be produced in open court so that the defendant has an opportunity to rebut the state's contention. See Specht v. Patterson, 386 U.S. 605, 87 S.Ct. 1209, 18 L.Ed.2d 326 (1967).
Finally, the provision that the sentence of nine years in case CR 75-299 run concurrently with the sentence of three years in case CR 74-2734 is erroneous. Since recidivism is not a separate substantive offense, a sentence under § 775.084 F.S. 1975 is not to be imposed separately; it is to be imposed as part of the sentence in the last offense (here CR 74-2734). Washington v. Mayo, Fla. 1957, 91 So.2d 621, 623; Reynolds v. Cochran, Fla. 1962, 138 So.2d 500, 503; Jackson v. State, Fla. App.4th 1971, 252 So.2d 241, 243.
Accordingly, the judgment appealed from (dated May 28, 1975) is reversed and the sentence therein contained is vacated and the cause is remanded for further proceedings consistent with this opinion. If upon further hearing the court determines that appellant is to be sentenced in accordance with § 775.084 F.S. 1975, it shall make findings of fact supported by the record which justify such sentence. In addition, if the court sentences appellant under § 775.084 F.S. 1975, it shall vacate the present sentence in CR 74-2734 and impose a new sentence in that case, crediting appellant for time he has served under the old sentence.
Reversed and remanded with directions.
WALDEN, C.J., and SCHULZ, GEORGE E., Associate Judge, concur.