352 So.2d 102 (1977)
Scott Daniel PHIPPS and Russell W. Binstead, Appellants,
v.
STATE of Florida, Appellee.
No. FF-498.
District Court of Appeal of Florida, First District.
October 28, 1977.
Michael J. Minerva, Public Defender, and Margaret Good, Asst. Public Defender, Tallahassee, for appellants.
Robert L. Shevin, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Judge.
Appellants were convicted on a joint trial of aggravated assault, attempted kidnapping, and grand larceny. Binstead questions the sufficiency of the competent evidence against him on the grand larceny charge. A key link in the circumstantial chain of evidence against Binstead was Phipps' presence in the stolen vehicle with *103 another, arguably Binstead. However, Phipps' presence in that vehicle was not established by evidence admissible against Binstead, but only by Phipps' confession. The evidence was insufficient to support the conviction of Binstead for grand larceny.
Phipps urges that his enhanced sentence as a recidivist under Section 775.084(4)(a), Florida Statutes (1975), was not accompanied by a written order, entered in the record, to the effect that the enhanced sentence "is necessary for the protection of the public from further criminal activity by the defendant... ." See Chukes v. State, 334 So.2d 289 (Fla. 4th DCA 1976). We do not consider that a written order to that effect is essential. A finding announced at the sentencing hearing is sufficient to satisfy the statute. Phipps makes no assertion that the trial judge entirely omitted that finding at the hearing, and he brings no transcript here to evidence its omission.
Phipps' convictions and sentences are AFFIRMED. Binstead's conviction and sentence for grand larceny are VACATED, and his other convictions are AFFIRMED.
BOYER, Acting C.J., and MILLS, J., concur.