356 So.2d 1256 (1978)
James Charles McCLAIN, Appellant,
v.
STATE of Florida, Appellee.
No. 76-2055.
District Court of Appeal of Florida, Second District.
February 22, 1978.
As Modified March 9, 1978.
Jack O. Johnson, Public Defender, Bartow, and Douglas A. Wallace, Asst. Public Defender, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Richard G. Pippinger, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Judge.
This appeal involves the procedure which was followed in imposing an extended sentence upon the appellant as an habitual felony offender under Section 775.084, Florida Statutes (1975).
The appellant was convicted of burglary. He was sentenced immediately following the rendition of the jury verdict. The judge first read into the record the details from appellant's "rap sheet." The judge then observed that the appellant had been given the prior written notice that he would be treated as an habitual felony offender which is required under the statute. The judge determined that the appellant had been convicted of a felony within the last five years which had not been set aside so that he fell within the statutory definition of an habitual felony offender and found that enhanced sentencing of the appellant was necessary for the protection of the public. Appellant's counsel waived the necessity of a presentence investigation report. The judge asked if there was any reason why sentence should not be pronounced *1257 and received a negative response from appellant's counsel. The judge then sentenced the appellant to an extended sentence prescribed by the statute. At this point appellant's counsel stated that he felt the sentence was illegal because it exceeded the maximum allowed by law. The court noted that he could appeal, and he has. However, since the sentence was within the statutory limits, his appeal has centered on other points.
The appellant first argues that the evidence upon which his enhanced sentence was based was not presented in open court with full rights of confrontation and cross-examination as specified by Section 775.084(3)(c). But unlike Harris v. State, 352 So.2d 1264 (Fla. 2d DCA 1977), appellant made no objection to the consideration of the evidence presented through the reading of the "rap sheet." No doubt, the recitation of convictions constituted hearsay, but even hearsay evidence is admissible in the absence of objection. Western Union Telegraph Co. v. Merritt, 55 Fla. 462, 46 So. 1024 (1908); see Annot., 79 A.L.R.2d 890 (1961). We see no purpose to be served in requiring the state to prove in the traditional way the convictions contained in a defendant's "rap sheet" when no objection has been raised and the truth of the recitation has not been denied.
The appellant further argues that the judge erred in failing to make specific findings of the basis upon which the enhanced sentence was given. Under Section 775.084(3), if the defendant is found to be an habitual felony offender, the court must still conclude that it is necessary for the protection of the public before he can impose an extended term. With respect to findings, Section 775.084(3)(d) states:
(d) Each of the findings required as the basis for such sentence shall be found to exist by a preponderance of the evidence and shall be appealable to the extent normally applicable to similar findings.
In Chukes v. State, 334 So.2d 289 (Fla. 4th DCA 1976), our sister court held that in order to impose an enhanced sentence under Section 775.084, the judge should make the necessary findings of fact required by the statute which must be supported by the record.
Turning to the instant case, we note that the judge made conclusionary findings by tracking the statutory language. It would have been helpful if he had outlined specific reasons for concluding that the sentencing of the appellant to an extended term was necessary for the protection of the public. However, the record in this case amply supports the ultimate conclusion, because the evidence concerning appellant's prior criminal record reflects that he has been engaged in a lifetime of crime. Since the findings required by the statute are fully supported in this record, the judge was at liberty to impose the extended sentence.
The judgment and sentence are affirmed, but the case is remanded for resentencing of appellant. The present sentence does not specifically set forth the period of credit time to be allowed as required by Section 921.161(1), Florida Statutes (1975). Smith v. State, 310 So.2d 770 (Fla. 2d DCA 1975). Moreover, the phrase "at hard labor" in the sentence is improper because no existing state statute provides for imprisonment at hard labor as a sentence for any offense. Speller v. State, 305 So.2d 231 (Fla. 2d DCA 1974). Appellant need not be present at resentencing.
BOARDMAN, C.J., and OTT, J., concur.