357 So.2d 461 (1978)
Gregory GRIMMETT, Appellant,
v.
STATE of Florida, Appellee.
No. 77-1293.
District Court of Appeal of Florida, Second District.
April 12, 1978.
Jack O. Johnson, Public Defender, Bartow, and Douglas A. Wallace, Asst. Public Defender, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Mary Jo M. Gallay, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Gregory Grimmett appeals his conviction of attempted burglary and his enhanced sentence as an habitual felony offender. We affirm the judgment, but remand for resentencing because the trial court failed to make the required finding that an enhanced sentence was necessary for the protection of the public from further criminal activity by appellant.
Following appellant's jury trial and conviction and with due notice to appellant, the trial court held a hearing pursuant to Section 775.084, Florida Statutes (1975) to determine whether appellant should be sentenced as an habitual felony offender. A deputy clerk authenticated the informations and judgments and sentences on four burglary charges against appellant to which he had pled guilty on May 9, 1975 and for which he received concurrent three-year prison sentences. The clerk further testified that there was nothing in the files indicating that any of these convictions had been set aside or that appellant had been pardoned for any of these offenses. The trial court then found appellant to be an habitual felony offender and imposed an enhanced sentence of ten years in prison.
*462 At no time, either at sentencing or in its written order, did the trial court make a finding that the enhanced sentence was necessary to protect the public from further criminal activity by appellant. Such a finding is mandated by Section 775.084(4)(b), Florida Statutes (1975); unless such a finding is made, an enhanced sentence may not be imposed under Section 775.084, Florida Statutes (1975). Section 775.084(4)(c), Florida Statutes (1975); see Phipps v. State, 352 So.2d 102 (Fla. 1st DCA 1977). The trial court erred when it failed to make such a finding.
Appellant further complains that no evidence justifying an enhanced sentence was adduced by the state, asserting that the production of such evidence in open court is a prerequisite to imposition of an enhanced sentence under Section 775.084, Florida Statutes (1975). Our sister court so held in Chukes v. State, 334 So.2d 289 (Fla. 4th DCA 1976), stating at 290-291:
It is quite clear that not every subsequent felony offender must automatically be sentenced as a recidivist under § 775.084, F.S. 1975. A subsequent felony offender may be sentenced as a recidivist only if the court makes various findings in accordance with § 775.084. Without such evidence in the record to justify the court's findings, a defendant's right to appellate review would be effectively stifled.... We think the invocation of [habitual offender or recidivist] statutes requires the evidence relied upon by the trial court for the enhanced sentence be produced in open court so that the defendant has an opportunity to rebut the state's contention. See Specht v. Patterson, 386 U.S. 605, 87 S.Ct. 1209, 18 L.Ed.2d 326 (1967).
We agree with this statement insofar as it requires all evidence relied upon by the court to justify an enhanced sentence to be produced in open court. We disagree, however, with appellant's contention that, in every case, evidence in addition to that of the defendant's prior convictions must be produced and relied on before an enhanced sentence may be imposed. In some cases, at least  and this case might well be one of them  a defendant's prior record alone may be sufficient to justify a finding that he is likely to engage in further criminal activity upon his release from any incarceration imposed. See McClain v. State, No. 76-2055 (Fla. 2d DCA, February 22, 1978). In any event, the trial court should, if it finds an enhanced sentence necessary, state the basis for its finding.
No error at trial having been made to appear, appellant's conviction is affirmed. The sentence is vacated and the cause remanded for a new sentencing hearing at which appellant shall be present. We would also add that any new sentence should specify the credit time to which appellant is entitled, as required by Section 921.161(1), Florida Statutes (1975), and Smith v. State, 310 So.2d 770 (Fla. 2d DCA 1975), and the phrase "at hard labor" should be deleted from the sentence. Speller v. State, 305 So.2d 231 (Fla. 2d DCA 1974).
BOARDMAN, C.J., and GRIMES and DANAHY, JJ., concur.