362 So.2d 425 (1978)
Henry Julius GREY, Appellant,
v.
STATE of Florida, Appellee.
No. 77-1655.
District Court of Appeal of Florida, Fourth District.
August 30, 1978.
*426 Jack A. Nants, Orlando, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for appellee.
BASKIN, NATALIE, Associate Judge.
This is an appeal from a conviction of involuntary sexual battery while the victim was physically helpless to resist and enhanced sentence as an habitual offender. We affirm the judgment, but remand for resentencing. The trial court failed to make findings as required under Florida Statute 775.084.
Florida Statute 775.084(3) states:
"... the court shall determine if it is necessary for the protection of the public to sentence the defendant to an extended term ... and if the defendant is an habitual felony offender . ."
Florida Statute 775.084(3)(d):
"Each of the findings required as the basis for such sentence shall be found to exist by a preponderance of the evidence ..."
Florida Statute 775.084(3)(c):
"All evidence presented shall be presented in open court with full right of confrontation, cross-examination, and representation by counsel."
Unless a finding that the enhanced sentence is necessary to protect the public from further criminal activity by Defendant is made, an enhanced sentence may not be imposed under the statute. Such a finding must be based on a preponderance of evidence.
Chukes v. State, 334 So.2d 289 (Fla. 4th DCA 1976) states:
"Appellant next complains that the state adduced no proof whatsoever to show that imposition of sentence under 775.084 was necessary for the protection of the public from further criminal activity by appellant.
It is quite clear that not every subsequent felony offender must automatically be sentenced as a recidivist under 775.084, F.S. 1975. A subsequent felony offender may be sentenced as a recidivist only if the court makes various findings in accordance with 775.084. Such findings must be based upon some evidence. Without such evidence in the record to justify the court's findings, a defendant's right to appellate review would be effectively stifled... . We think the invocation of such statutes requires the evidence relied upon by the trial court for the enhanced sentence be produced in open court so that the defendant has an opportunity to rebut the state's contention. See Specht v. Patterson, 386 U.S. 605, 87 S.Ct. 1209, 18 L.Ed.2d 326 (1967)."
*427 The trial court based its finding that Defendant should be taken off the streets upon Defendant's four prior felony convictions presented at the sentencing by way of argument. Only the judgment and sentence on the escape conviction were admitted into evidence. The trial court also heard argument that the involuntary sexual battery occurred while the Defendant was in a work-release program as a prisoner of the State of Florida serving a sentence for escape. The trial court found that the two offenses were committed within less than five years.
Before ruling, the trial court stated: "The court further finds that the best interest of society (sic) that the Defendant be sentenced to multiple offender statute."
Although a defendant's prior record alone may be sufficient to justify a finding that he is likely to engage in further criminal activity upon his release from any incarceration imposed, Grimmett v. State, 357 So.2d 461 (Fla. 2d DCA 1978), the trial court has not indicated the basis for its enhanced sentence in the manner prescribed.
We agree with the decision in Phipps v. State, 352 So.2d 102 (Fla. 1st DCA 1977) that the finding need not be made in a written order. A finding announced at the sentencing hearing is sufficient to satisfy the statute.
The conviction is affirmed, the sentence is vacated, and the cause remanded for resentencing.
DAUKSCH and ANSTEAD, JJ., concur.