SCHEB, Judge.
Appellant challenges a two-year sentence imposed upon him under § 775.084, Fla.Stat. (1977), the habitual offender statute, for resisting an officer with violence. Appellant complains that (1) the state did not adequately prove his previous convictions or the necessity for declaring him a habitual felony offender, and (2) the court failed to make findings required by the habitual offender statute. From an examination of the record we find no merit in appellant’s first contention, but as to the second, we believe appellant is correct.
In Grimmett v. State, 357 So.2d 461 (Fla.2d DCA 1978), this court held that under § 775.084(4)(b) the trial court must make a finding on the record that the sentencing of a defendant as a habitual offender is necessary for the protection of the public.[1] In the case before us the court did not make the required finding.
Accordingly, we affirm appellant’s conviction, but we set aside his sentence and remand this case for a new sentencing hearing at which appellant must be present.[2]
BOARDMAN, Acting C. J., and OTT, J., concur.

. We have held that the trial court need not state its reasons for such a finding as long as they are evident from the record. McClain v. State, 356 So.2d 1256 (Fla.2d DCA 1978).

. In setting aside appellant’s sentence we realize that it is not excessive since he could have received five years in prison without reference to the habitual offender statute. §§ 775.-082(3)(d) and 843.01, Fla.Stat. (1977). However, because appellant has been marked a habitual offender, we believe that in all fairness we must require the new sentencing hearing.