369 So.2d 1031 (1979)
Henry Frank KING, Appellant,
v.
STATE of Florida, Appellee.
No. 77-2132.
District Court of Appeal of Florida, Fourth District.
April 25, 1979.
Richard L. Jorandby, Public Defender, and Rendell Brown, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Glenn H. Mitchell, Asst. Atty. Gen., West Palm Beach, for appellee.
LETTS, Judge.
This appeal centers around a sentence as a habitual offender. We reverse and remand.
Appellant was convicted by a jury of sexual battery and petit larceny and the trial court so adjudicated; however, sentencing was deferred pending the receipt of a P.S.I. Upon receipt thereof the appellant was sentenced as a habitual offender pursuant to Section 775.084, Florida Statutes (1977) from which sentence he now appeals.
Subsection (3) of the above quoted statute says:

*1032 "(3) In a separate proceeding, the court shall determine if it is necessary for the protection of the public to sentence the defendant to an extended term as provided in subsection (4)... ." (emphasis added)
The appellant does not challenge his prior convictions nor the manner in which they were proven at the hearing. Rather, he asserts that there was no evidence adduced to establish that it was necessary, for the protection of the public, to sentence him to an extended term. We agree. In Chukes v. State, 334 So.2d 289 (Fla. 4th DCA 1976), the appellant therein made the same argument because although the State established that he had previously been convicted of a felony within five years of his subsequent conviction, they did not adduce any proof to show that an enhanced sentence was necessary for the protection of the public. In Chukes the court stated:
"It is quite clear that not every subsequent felony offender must automatically be sentenced as a recidivist under Section 775.084, F.S. 1975. A subsequent felony offender may be sentenced as a recidivist only if the court makes various findings in accordance with Section 775.084. Such findings must be based upon some evidence. Without such evidence in the record to justify the court's findings, a defendant's right to appellate review would be effectively stifled."[1]
We therefore vacate the enhanced sentence and remand this case for further proceedings. If at that time the court determines that appellant should also be sentenced in accordance with Section 775.084, Florida Statutes (1975), it shall make findings of fact supported by the record before doing so. The findings of fact need not be in writing; findings reported at the sentencing hearing are sufficient to satisfy the statute. Phipps v. State, 352 So.2d 102 (Fla.1st DCA 1977).
REVERSED AND REMANDED IN ACCORDANCE HEREWITH.
CROSS and MOORE, JJ., concur.
NOTES
[1] See Also McClain v. State, 356 So.2d 1256 (Fla.2d DCA 1978); Grimmett v. State, 357 So.2d 461 (Fla.2d DCA 1978) and Grey v. State, 362 So.2d 425 (Fla.4th DCA 1978).