PER CURIAM.
Samuel Lee Hunter appeals his conviction of robbery with a weapon and his sentence as a habitual felony offender. He contends that the trial court erred in sentencing him *4 as a habitual felony offender without first making a finding that the sentence was necessary for the protection of the public and without specifying all the evidence relied upon in imposing the sentence. Appellant also contends that the court erred in denying his motion for new trial. We hold that the enhanced sentence was improperly entered, but we find no error in denying the motion for new trial.
When the trial judge imposed the enhanced sentence, he failed (1) to make a finding that the imposition of the enhanced sentence was necessary for the safety of the public and (2) to specify the evidence he relied upon in sentencing appellant as a career criminal, as required by Section 775.-084(3), Florida Statutes (1977). Ibbitson v. State, 366 So.2d 499 (Fla. 2d DCA 1979) and Fry v. State, 359 So.2d 584 (Fla. 2d DCA 1978). We therefore vacate the enhanced sentence.
Accordingly, the judgment is affirmed, but the sentence is vacated and the cause remanded for resentencing.
GRIMES, C. J., and BOARDMAN and DANAHY, JJ., concur.