385 So.2d 1159 (1980)
Albert W. STEWART, Appellant,
v.
STATE of Florida, Appellee.
No. 79-2057.
District Court of Appeal of Florida, Second District.
July 11, 1980.
*1160 Jack O. Johnson, Public Defender, Michael S. Becker, Asst. Public Defender, and Geoffrey A. Foster, Legal Intern, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Michael A. Palecki, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Appellant was adjudicated guilty of grand theft of a motor vehicle, and the state sought imposition of an enhanced sentence pursuant to Section 775.084(1)(a)2, Florida Statutes (1977). The court conducted a hearing to determine whether appellant should be sentenced as a habitual offender. Lieutenant Edward Williams, the prison investigator at the DeSoto Correctional Institution, testified that appellant was released from that institution on September 1, 1978. Lieutenant Williams was qualified as a fingerprint expert and testified that appellant's fingerprints matched those on the certified copy of judgment and guilt which led to his commitment at DeSoto Correctional Institution. This was the only evidence introduced at the hearing.
In its order sentencing appellant as a habitual offender, the court made findings that appellant had previously been convicted of a felony in this state, that the felony conviction upon which the court was sentencing appellant was committed within five years of his release from prison as a result of a prior conviction within Florida, and that the enhanced penalty was necessary for the protection of the public. Appellant contends that the trial court erred in not making findings that he had not been pardoned, and that his sentence had not been set aside as is required by Section 775.084(3)(d), Florida Statutes (1977). We disagree.
In Eutsey v. State, 383 So.2d 219 (Fla. 1980), the Florida Supreme Court upheld the constitutionality of Section 775.084, Florida Statutes (1977). As an alternative argument the appellant in that case contended that during the hearing on whether an enhanced sentence should be imposed, the state failed to prove that he had not been pardoned or the conviction set aside. The supreme court rejected this argument stating that these are affirmative defenses to be raised by appellant rather than matters that must be proved by the state. In Eutsey the trial court had made a finding that there was no pardon nor had the conviction been set aside.
The evidence that Stewart had been released from prison less than five years prior to the instant conviction was unrebutted. The record would amply support findings that Stewart had not been pardoned and that his conviction had not been set aside. Since the findings required by the statute are fully supported on the face of the record, the mere failure to recite a specific finding in the sentencing order to that effect is harmless error, if error at all, and, therefore, the judge properly imposed the extended sentence. Cf., McClain v. State, 356 So.2d 1256 (Fla.2d DCA 1978).
As appellant's other point is without merit, we AFFIRM.
HOBSON, Acting C.J., and OTT and CAMPBELL, JJ., concur.