387 So.2d 401 (1980)
Renaldo JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 78-2583/T4-318.
District Court of Appeal of Florida, Fifth District.
July 30, 1980.
Rehearing Denied August 28, 1980.
*402 Richard L. Jorandby, Public Defender, and Cherry Grant, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and C. Michael Barnette, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
The defendant was found guilty by a jury of grand theft, second degree, and sentenced as an habitual offender. He appeals on two grounds: (1) the sufficiency of the evidence to support conviction, and (2) the sufficiency of the trial court's findings in support of its conclusion that defendant should be sentenced as an habitual offender.
The first point is wholly without merit. The evidence, although circumstantial, was conclusive and admitted of no reasonable hypothesis of innocence. Spinkellink v. State, 313 So.2d 666 (Fla. 1975), cert. denied, 428 U.S. 911, 96 S.Ct. 3227, 49 L.Ed.2d 1221 (1976); Smith v. State, 378 So.2d 313 (Fla.5th DCA 1980).
The second point warrants more extensive discussion. At the sentencing hearing held on November 16, 1978, it was stipulated that defendant had been convicted for heroin possession within five years of the two thefts[1] for which he was sentenced. A document stating that he had not been pardoned was admitted into evidence. A probation officer, who had supervised the defendant for a three-year period following a conviction for unauthorized use of a motor vehicle in 1972, testified as to various offenses committed by the defendant during the probationary period, which included possession of a deadly weapon, possession of a simulated weapon, public intoxication, and open profanity, and testified that the 1976 heroin arrest occurred three days after completion of his probation. There were sundry other convictions in 1971, 1972, 1974 and 1975. The officer also testified that, in his opinion, the defendant could not be rehabilitated and was a danger to society. The defendant testified that he supported two minor dependents and had steady employment as a roofer.
At the conclusion of the hearing, the trial court found from a preponderance of the evidence, based upon the testimony, the files, and the presentence investigation, that the defendant previously had been convicted of a felony in this state within the five years preceding the instant theft offenses, and that it was necessary for the protection of society from further criminal activity by the defendant that he be sentenced to an extended term as provided by section 775.084, Florida Statutes (1977), as to each of the thefts. The trial court specifically found Jones to be an habitual felony offender.
The state contends on appeal that the defendant failed to specifically object to the enhanced sentence before the trial court, and therefore waived review by direct appeal. Smith v. State; Engel v. State, 353 So.2d 593 (Fla.3d DCA 1977). We believe that a fair reading of the sentence *403 hearing transcript reveals objection by the defense to the enhancement procedure. The adequacy of the trial court findings and the propriety of an enhanced sentence, therefore, are properly raised by direct appeal. See Epps v. State, 365 So.2d 179 (Fla.1st DCA 1978).
It is the position of the appellant that the trial court merely incanted the words of the statute, but failed to recite specific factual findings to support the conclusion as is necessary for appellate review. Fry v. State, 359 So.2d 584 (Fla.2d DCA 1978); Chukes v. State, 334 So.2d 289 (Fla. 4th DCA 1976).
The state argues that the trial court need not specifically itemize the reasons supporting its ultimate findings phrased in the language of the statute if the basis is evident from the record. McClain v. State, 356 So.2d 1256 (Fla.2d DCA 1978). In the instant case, the state cites the prior record of the defendant, revealed by the testimony and the presentence investigation, as affording a sufficient basis for the trial court's finding that an enhanced penalty was necessary.
In Eutsey v. State, 383 So.2d 219 (Fla. 1980), the trial court had found that the defendant was a previously convicted felon and made specific findings in support of its enhanced sentence. Eutsey was given full access to his presentence investigation report and the opportunity to contest any part of its contents prior to sentencing. He did not dispute any particular information therein, but made only a general objection to its use in the sentencing procedure. The Florida Supreme Court, in reviewing the trial court's reliance on the report, cited the McClain case.
In McClain the Third District Court, after noting that the trial judge had made conclusionary findings by tracking the statutory language, said:
It would have been helpful if he had outlined specific reasons for concluding that the sentencing of the appellant to an extended term was necessary for the protection of the public. However, the record in this case amply supports the ultimate conclusion, because the evidence concerning appellant's prior criminal record reflects that he has been engaged in a lifetime of crime. Since the findings required by the statute are fully supported in this record, the judge was at liberty to impose the extended sentence.
356 So.2d at 1257.
The majority opinion in Eutsey held that the trial court findings of fact need not be in writing but may be reported in the transcript of the sentencing hearing. King v. State, 369 So.2d 1031 (Fla.4th DCA 1979). The findings there were held to be sufficient to make Eutsey's appeal of his enhanced sentence meaningful.
In the instant case, the transcript of the sentencing hearing shows that the PSI was furnished to Jones in advance of the hearing, considered at the hearing without specific objection, and was received by the court and used as a basis for the enhanced sentence. That report showed criminal convictions of the defendant every year of his adult life, except for 1973, up to the instant thefts committed in 1977. The defendant's "rap sheet"[2] clearly reveals the threat to society that he represents.
The determination of the sentence to be imposed generally falls within the sound *404 discretion of the trial court and should not be disturbed if the sentence is authorized by law. Holden v. City of Fort Lauderdale, 286 So.2d 218 (Fla.4th DCA 1973).
AFFIRMED.
ORFINGER and FRANK D. UPCHURCH, Jr., JJ., concur.
NOTES
[1] Defendant was sentenced for theft in a separate case (# CR77-1385) at the same time.
[2] Part 2 of defendant's presentence investigation considered by the trial court reads as follows:

 I. PRIOR ARRESTS AND CONVICTIONS: FDLE # 0396156
 Place Date Charge Disposition
 SO, Orange Co., 3-6-71 Allowing Unauthorized Dismissed
 Fl. to Drive and Improper
 Display of License Tag
 PD, Orlando, Fl. 5-5-71 Breaking and Entering Dismissed 5-20-71
 SO, Orange Co., 5-6-71 Breaking and Entering Consolidated with
 Fl. w/intent to Commit a next case
 Felony
 PD, Orlando, Fl. 8-19-71 Breaking and Entering a Not Guilty of
 Pin Ball Machine Attempted Petit
 Larceny 8-20-71
 PD, Orlando, Fl. 11-30-71 Carrying Simulated 4 days
 Weapon
 PD, Orlando, Fl. 1-29-72 Grand Larceny Dismissed 1-30-72
 PD, Orlando, Fl. 2-24-72 Sale of Narcotics Dismissed 5-1-72
 SO, Orange Co., 6-9-72 Auto Theft Pled Guilty Unauth.
 Fl. Use of a Motor Veh.
 3 yrs. probation
 2-3-73
 PD, Orlando, Fl. 7-4-72 Poss. of Obscene $35 fine suspended
 Material 3 days straight
 7-7-72
 PD, Orlando, Fl. 8-16-72 Capias, Failure to Turned over to OCS
 Appear
 PD, Orlando, Fl. 9-20-72 No Fishing License 3 days 9-22-72
 OCSO 11-4-73 Assault W/I to Commit Dismissed
 Murder
 PD, Orlando, Fl. 1-1-74 Poss. of Simulated $350 bond estreated
 Weapon capias ordered
 2-26-74
 PD, Orlando, Fl. 4-13-74 Poss. of Deadly Weapon $75 fine 4-15-74
 (Knife)
 PD, Orlando, Fl. 4-9-74 Four Traffic Warrants 15 days on each
 to run consecutive
 PD, Orlando, Fl. 12-23-74 Poss. of Marijuana Nolle Prossed
 under 5 grams 1-30-75
 SO, Orange Co., 9-25-75 Contempt of Court 8 days
 Fl. (Traffic Charge)
 PD, Orlando, Fl. 4-10-75 Drinking in Public 20 days suspended
 4-11-75
 PD, Orlando, Fl. 9-29-75 Open Profanity $200 suspended,
 $150 11-14-75
 PD, Orlando, Fl. 11-21-75 Interfering with Police Not Guilty 3-16-75
 Officer
 PD, Orlando, Fl. 2-5-76 Poss. of Heroin 5 yrs. DOR 7-30-76
 (Released on
 Supersedeas Bond
 6-1-77, Court of
 Appeal confirmed
 sentence on
 12-8-77, Bond
 revoked 9-1-78)