386 So.2d 604 (1980)
James Richard EICHHORN, Appellant,
v.
STATE of Florida, Appellee.
No. 78-2188/T4-241.
District Court of Appeal of Florida, Fifth District.
August 6, 1980.
Richard L. Jorandby, Public Defender, Jon May, Asst. Public Defender, Lorrie Robinson, Legal Intern, and Tatjana Ostapoff, Chief, Appellate Division, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, Michael W. Strickland, Legal Intern, and Marc E. Kirk, West Palm Beach, for appellee.
SHARP, G. KENDALL, Associate Judge.
Appellant, James Eichhorn, was convicted of possession of more than 5 grams of cannabis, and the trial court sentenced him as an habitual felony offender.
At the sentencing hearing the court determined that due to prior felony convictions within five years of his present adjudication, the defendant would be exposed to the enhanced punishment provision, section 775.084, Florida Statutes (1979). The defendant made a lengthy mitigating statement. Prior to the court imposing sentence, the prosecuting attorney correctly summarized cases in which courts considered imposing the enhanced penalty. The record must reflect the basis for the enhanced penalty, and it must appear by a preponderance of the evidence that the enhanced sentence is necessary to protect the public from the criminal activity of the defendant. Jones v. State, 384 So.2d 956 (Fla.5th DCA June 18, 1980); Bell v. State, 382 So.2d 107 (Fla.5th DCA 1980). However, the trial judge did not state in the record why he was sentencing the defendant to the greater term. Section 775.084, Florida Statutes (1979) subsection (3) provides:

*605 In a separate proceeding, the court shall determine if it is necessary for the protection of the public to sentence the defendant to an extended term as provided in subsection (4)... .
He only stated that there were aggravating circumstances in the case at bar and that the defendant would be sentenced under the enhanced penalty statute to ten years with probation after serving four.
In Chukes v. State, 334 So.2d 289 (Fla. 4th DCA 1976), the court stated:
It is quite clear that not every subsequent felony offender must automatically be sentenced as a recidivist under § 775.084 F.S. 1975. A subsequent felony offender may be sentenced as a recidivist only if the court makes various findings in accordance with § 775.084. Such findings must be based upon some evidence. Without such evidence in the record to justify the court's findings, a defendant's right to appellate review would be effectively stifled.
Id. at 290. See McClain v. State, 356 So.2d 1256 (Fla.2d DCA 1978); King v. State, 369 So.2d 1031 (Fla.4th DCA 1979).
The trial judge can consider a defendant's prior record alone so long as the conviction record is reflected in open court and is sufficient to satisfy the judge by a preponderance of evidence that the defendant should be sentenced under section 775.084, Florida Statutes (1979), for the protection of the public.
Because the reasons were not given by the trial judge in this case why section 775.084, Florida Statutes (1979), was being invoked, we reverse the sentence and remand for resentencing.
Sentence REVERSED and REMANDED.
DAUKSCH, C.J., and SHARP, J., concur.