HOBSON, Acting Chief Judge.
The revocation of appellant’s probation is affirmed. However, we remand for correction of the orders of revocation and for resentencing.
The appellant pleaded guilty to two charges of grand theft and was placed on probation on both charges. Affidavits of violation of probation subsequently charged the appellant with numerous violations. At the hearing the court dismissed the contentions that appellant had failed to pay the costs of supervision and had used PCP but revoked his probation on several other grounds. Nevertheless, the trial court’s orders of revocation include the two allegations of violations which were dismissed. The finding of violations of these conditions should be deleted from the orders of revocation to conform them to the findings made at the hearing. Brouillett v. State, 373 So.2d 499 (Fla. 2d DCA 1980); Langston v. State, 371 So.2d 202 (Fla. 2d DCA 1979).
In case number 79-2003, we also find that the trial court erred in sentencing the appellant to ten years as an habitual offender absent a finding that such sentence was necessary to protect the public from further criminal activity. Section 774.084(4)(a), Florida Statutes (1979), provides that, under certain circumstances, the court may enhance a defendant’s sentence. However, the trial court is required to find that the imposition of such a sentence is necessary for the public’s protection. Ibbitson v. State, 366 So.2d 499 (Fla. 2d DCA 1979). While this finding need not be included in the trial court’s order, the court’s oral finding and its reasons, or the evidence supporting this finding, must appear in the transcript of the hearing. Eutesy v. State, 383 So.2d 219 (Fla.1980); Chuckes v. State, 334 So.2d 289 (Fla. 4th DCA 1976). Here the trial court’s order which contains appellant’s sentence does not include the required finding. In addition, a review of the transcript provided reveals the court failed to orally address the question.
Therefore, we affirm both of appellant’s convictions and his sentence in case number 79-2004 but set aside his sentence in case number 79-2003 and remand for resentenc-ing. Violation numbers two and five shall be stricken from the orders revoking probation.
GRIMES and CAMPBELL, JJ., concur.