ORFINGER, Judge.
Appellant was convicted by a jury of manslaughter after trial on a charge of second degree murder. He contends, among other things, that the trial court erred in restricting cross-examination of the State’s principal witness. We agree and reverse.
As stated in Coxwell v. State, 361 So.2d 148 (Fla.1978)
When the direct examination opens a general subject, the cross examination may go into any phase, and may not be restricted to mere parts ... or to the specific facts developed by the direct examination. Cross-examination should always be allowed relative to the details of an event or transaction a portion only of which has been testified to on direct examination. As has been stated, cross-examination is not confined to the identical details testified to in chief, but extends to its entire subject matter, and to all matters that may modify, supplement, contradict, rebut or make clearer the facts testified to in chief....
Id. at 151.
The appellant fired several shots in a bar, one of which killed a bystander patron. The only witness testifying for the State testified on direct examination that the shooting took place as appellant was leaving the bar “after a little ruckus had took place”. This apparently was before any shots were fired. When defense counsel, on cross-examination, asked the witness to explain or describe the “ruckus”, the trial court sustained the State’s objection as being outside the scope of direct examination. Appellant’s counsel argued to the court that the questioning was germane because it would tend to show that appellant was being “beaten to death” by the other party in the ruckus and the shooting was thus excusable, but the court declined to allow it, suggesting that appellant could be called to testify as to that defense.
Although not further inquired into by the State, the witness’ testimony about a “ruckus” appears to be a matter germane to the witness’ testimony and plausibly relevant to the defense.[1] Thus it was an abuse of discretion to curtail that inquiry, notwithstanding the possible availability of other witnesses who could have testified to these events for the defense. Alternative methods of proof or theories of defense are exclusively within the province of defense counsel through direct or cross-examination. Coxwell, at 151, n.9.
Since the cause must be remanded for a new trial, we should point out to the trial court that section 775.084, Florida Statutes *69 (1979), contains certain prerequisites to enhancing a penalty for an “habitual felony offender”, not the least of which is a finding on the record, oral or written, that the enhanced penalty is necessary for the protection of the public. Eichorn v. State, 386 So.2d 604 (Fla. 5th DCA 1980). There is no such finding in the record here, nor does it appear that the procedural requirements of section 775.084(3) were complied with, but in view of our decision, it is not necessary to explore this issue further.
The judgment of conviction is reversed, the sentence is vacated, and the case is remanded for a new trial.
REVERSED and REMANDED.
DAUKSCH, C. J., and .COBB, J., concur.

. During its deliberations, the jury requested that this witness’ testimony be re-read to them as it related to appellant’s intent in firing the gun. In response, the court had all the testimony of the witness read to the jury, omitting questions to which objections had been sustained.