JOANOS, Judge,
concurring in part and dissenting in part.
I concur in the majority’s opinion in their affirming the convictions of appellants but dissent in their reversing of Roberts’ sentence.
The situation involved in this matter is essentially the same as that involved in McClain v. State, 356 So.2d 1256 (Fla.2d DCA 1978). As in this case, the trial judge in McClain made the finding that an enhanced sentence as provided under § 775.-084, Florida Statutes, was necessary for the protection of the public but did not articulate the facts supporting that conclusion. In reviewing the enhanced sentence, that Court said:
Turning to the instant case, we note that the judge made conclusionary findings by tracking the statutory language. It would have been helpful if he had outlined specific reasons for concluding that the sentencing of the appellant to an extended term was necessary for the protection of the public. However, the record in this case amply supports the ultimate conclusion, because the evidence concerning appellant’s prior criminal record reflects that he has been engaged in a lifetime of crime. Since the findings required by the statute are fully supported in this record, the judge was at liberty to impose the extended sentence. 356 So.2d at 1257.
The same situation is set forth in the case before us, “... the record in this case amply supports the ultimate conclusion .... ” The record reflects inter alia that Roberts was three times previously convicted of a felony and that he was on parole at the time he committed the crime in this case. That alone is sufficient to support the enhanced sentence permitted under the statute.
Adams v. State, 376 So.2d 47, 58 (Fla. 1st DCA 1979) is relied upon by the majority. That case is not applicable here for the reason that in Adams the record reflected that the trial judge in ordering the enhanced sentence may have relied upon hearsay evidence which was disputed. No such question is involved here.
The orders appealed from should be AFFIRMED in total.