PER CURIAM.
Defendant’s conviction for attempted burglary of a dwelling is affirmed; however, the enhanced sentence imposed is reversed and vacated and the cause remanded to the trial court with directions to resen-tence the defendant.
Prior to sentencing a defendant as an habitual felon, the court must find that the extended sentence is necessary to protect the public from further criminal activity, and the basis for this finding must appear in the record. See Eutsey v. State, 383 So.2d 219 (Fla.1980); Eichhorn v. State, 386 So.2d 604 (Fla.5th DCA 1980); Ruiz v. State, 384 So.2d 723 (Fla.3d DCA 1980); Adams v. State, 376 So.2d 47 (Fla.1st DCA 1979). Because the trial court did not specify the reasons why the habitual offender act, section 775.084, Florida Statutes (1979), was being invoked, we reverse the sentence and remand for resentencing in accordance with this opinion.