421 So.2d 712 (1982)
Charlie PARKER, Appellant,
v.
The STATE of Florida, Appellee.
No. 81-940.
District Court of Appeal of Florida, Third District.
November 9, 1982.
*713 Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Jack Ludin, Asst. Atty. Gen., for appellee.
Before HENDRY and SCHWARTZ, JJ., and WILLIAM C. OWEN, Jr. (Ret.), Associate Judge.
HENDRY, Judge.
Appellant, Charlie Parker, appeals his conviction and sentence for grand theft and possession of cocaine.
On the night of July 22, 1980, Kathy Reynolds and William Bordeaux drove to a street corner in Hialeah to purchase marijuana. When they reached the corner, they stopped their automobile and the appellant approached them and sold marijuana to Bordeaux. The appellant then reached into the automobile and took a gold necklace from Reynolds' neck. Reynolds told her father about the incident soon thereafter and he promptly reported it to the police who took a report from her. The next day Bordeaux returned twice to the corner where the marijuana sale and the theft of the necklace took place, and observed the appellant. Bordeaux immediately reported to the police that he had seen the appellant at the corner and the police responded and approached the appellant, who then started running. He was caught and placed under arrest. A search revealed cocaine in his possession.
The appellant was charged in one information with three counts: robbery (Count I), possession of cocaine (Count II), and resisting an officer without violence (Count III).
Following pleas of not guilty, appellant moved to sever Counts II and III from Count I. The motion was denied. However, during trial a motion for acquittal was granted as to Count III. The jury returned verdicts of guilt to grand theft on Count I and possession of cocaine, Count II. On motion of the State, the appellant was sentenced as a habitual offender upon a showing that he had been convicted of robbery in 1978. The trial court imposed an enhanced sentence under section 775.084, Florida Statutes (1981) of ten years on each of the two counts, to run consecutively.
In the first point on appeal appellant contends that the trial court erred in denying his motion to sever Count I from Counts II and III because the grand theft on July 22 and possession of cocaine and resisting an officer without violence on July 23 were not connected within the meaning of Florida Rule of Criminal Procedure 3.150(a).[1]
We cannot agree and hold that the offenses herein were properly charged in a single information because they were connected in an episodic sense; that is, they were part of the same course of conduct and occurred within a period of a few hours at the very same location. The first offense led to and was connected with the other offenses; that is, the robbery and subsequent investigation led to the arrest and charges of cocaine possession and resisting arrest without violence. Jacobs v. State, 396 So.2d 713 (Fla. 1981); Williams v. State, 409 So.2d 253 (Fla. 4th DCA 1982); Green v. State, 408 So.2d 1086 (Fla. 4th DCA 1982).
*714 Appellant's other point relates to the sentence imposed. It is argued that the trial court erred in sentencing him as a habitual felon where no findings of fact which show on their face that an extended term is necessary for the protection of the public appear either in the written order or in the transcript of the sentencing proceedings.
The record shows that at the sentencing hearing the court heard evidence of appellant's prior conviction of a felony within the previous five years, viewed a document stating that the defendant had not been pardoned for any crimes in the State of Florida, considered the pre-sentence investigation, and allowed an opportunity for rebuttal of any matters raised. The trial court then sentenced the appellant as a habitual offender and stated that "the imposition of sentence under this Section is necessary for the protection of the public from further criminal activity by the defendant." It does not appear from the record that the appellant objected to the imposition of the enhanced sentence.
We have considered appellant's contention in the light of the record and the controlling decisions and have concluded that the record is sufficient to support the enhanced sentence. Jones v. State, 387 So.2d 401 (Fla. 5th DCA 1980); Eichhorn v. State, 386 So.2d 604 (Fla. 5th DCA 1980); Stewart v. State, 385 So.2d 1159 (Fla. 2d DCA 1980); McClain v. State, 356 So.2d 1256 (Fla. 2d DCA 1978).
Affirmed.
NOTES
[1] The rule provides:

(a) Joinder of Offenses. Two or more offenses which are triable in the same court may be charged in the same indictment or information in a separate count for each offense, when the offenses, whether felonies or misdemeanors, or both, are based on the same act or transaction or on two or more connected acts or transactions.