COBB, Chief Judge.
Pete Johnson, a/k/a Jack McFarland, raises three points on appeal attacking his sentencing under section 775.084, Florida *554 Statutes (1983), the habitual offender statute. Two of these issues have merit.
On June 14, 1982, the appellant was charged by information with one count of grand theft in the second degree, and one count of battery. Thereafter, a trial was held and the jury returned a verdict of guilty as to the grand theft count. At the sentencing hearing, the appellant objected to the information contained in the P.S.I., contending that some of the record belonged to another McFarland.[1] The court overruled these objections, noting that at trial the appellant had admitted that he had been convicted of at least three prior felonies and numerous misdemeanors. No testimony was taken at the hearing other than that from the appellant, and no documents were admitted into evidence. The court found that the appellant was an habitual felony offender under section 775.084, Florida Statutes (1983),[2] and sentenced him to an enhanced sentence of ten years.
The first contention raised by the appellant is that the trial court did not make the requisite finding that the imposition of a sentence under the habitual felony offender statute was necessary for the protection of the public. Thus, this case must be remanded to the lower court for such a finding. See Walker v. State, 462 So.2d 452 (Fla.1985); Little v. State, 440 So.2d 603 (Fla. 3d DCA 1983); Ruiz v. State, 407 So.2d 1042 (Fla. 3d DCA 1981); Eichhorn v. State, 386 So.2d 604 (Fla. 5th DCA 1980); Adams v. State, 376 So.2d 47 (Fla. 1st DCA 1979).
The second contention raised by the appellant is that the trial court did not have sufficient evidence on which to base a finding of the requisite prior convictions in order for the statute to apply. It has been held that a court may rely on the P.S.I. alone if prior convictions are not disputed. See Eichhom v. State, supra. In the present case, however, the appellant did object to the P.S.I.
The state contends that the appellant’s admission at trial to three prior felony convictions and a number of misdemeanors were a sufficient evidentiary basis upon which to find that the appellant was within the statute. Admissions made at trial may be a sufficient basis upon which to find a prior conviction under the statute. See Eutsey v. State, 383 So.2d 219 (Fla.1980). Here, however, no details of those convic *555 tions were admitted to by the appellant. Only a bald statement as to the fact that he had those prior convictions was made. More importantly, we do not know the dates of those priors. Apparently, a number of convictions were included in the appellant’s P.S.I., which were based on offenses committed after the charged offense. There was no way for the trial court to know exactly what convictions the appellant was referring to at trial, and it may have been that the appellant was including these post-offense convictions.
Reliance on these post-offense convictions would be impermissible, as section 775.084 requires a prior conviction. See Snowden v. State, 449 So.2d 332 (Fla. 5th DCA 1984). Thus, this case must also be remanded in order for the state to submit the appropriate evidence.
REVERSED and REMANDED.
FRANK D. UPCHURCH, Jr. and CO-WART, JJ., concur.

. Throughout this case there appears to have been confusion between the appellant and another McFarland during both the plea and sentencing phases.

. Section 775.084, Florida Statutes (1983), provides, in pertinent part:
(1) As used in this act:
(a) "Habitual felony offender” means a defendant for whom the court may impose an extended term of imprisonment, as provided in this section, if it finds that:
1. The defendant has:
a. previously been convicted of a felony in this state;
b. twice previously been convicted of a misdemeanor of the first degree in this state or of another qualified offense for which the defendant was convicted after the defendant's 18th birthday;
2. The felony for which the defendant is to be sentenced was committed within five years of the date of the conviction of the last prior felony, misdemeanor or other qualified offense of which he was convicted, or within five years of the defendant’s release, on parole or otherwise, from a prison sentence or other commitment imposed as a result of a prior conviction for a felony or other qualified offense, whichever is later;
******
(3) In a separate proceeding, the court shall determine if it is necessary for the protection of the public to sentence the defendant to an extended term as provided in subsection (4) and if the defendant is an habitual felony offender or an habitual misdemeanant. The procedure shall be as follows:
******
(d) Each of the findings required as the basis for such sentence shall be found to exist by a preponderance of the evidence and shall be appealable to the extent normally applicable to similar findings.
******
(4)(a) The court, in conformity with the procedure established in subsection (3) and upon a finding that the imposition of sentence under this section is necessary for the protection of the public from further criminal activity by the defendant, shall sentence the habitual felony offender as follows:
******
3.In the case of a felony of the third degree, for a term of years not exceeding ten.