546 So.2d 782 (1989)
Vance H. FLOWERS, Appellant,
v.
STATE of Florida, Appellee.
No. 88-2650.
District Court of Appeal of Florida, Fourth District.
July 19, 1989.
Richard L. Jorandby, Public Defender, and Louis G. Carres, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Patricia G. Lampert, Asst. Atty. Gen., West Palm Beach, for appellee.
GUNTHER, Judge.
We reverse the appellant's sentence and remand for resentencing pursuant to section 39.111(7), Florida Statutes (1987).
We reverse the sentence imposing adult sanctions on the juvenile defendant because the trial court erred in failing to timely consider all six criteria mandated by section 39.111(7)(c), Florida Statutes (1987). The statute not only requires the trial court to consider all six criteria in determining the suitability or nonsuitability for adult sanctions before any other determination of disposition, but also requires that the decision to impose adult sanctions be in writing and in conformance with the six criteria. §§ 39.111(7)(c) and (d), Florida Statutes (1987).
In the instant case, the trial court failed to consider the six criteria at the sentencing hearing before determination of disposition as required by section 39.111(7)(c). Although the trial court subsequently entered a written order with specific factual findings, such an order did not cure the trial court's error in failing to timely consider the statutory criteria. See State v. Rhoden, 448 So.2d 1013 (Fla. 1984), and Hammonds v. State, 543 So.2d 337 (Fla. 4th DCA 1989). Accordingly, we reverse the sentence and remand to the trial court to resentence the defendant.
Since the trial court, upon remand, will be considering the suitability or nonsuitability of adult sanctions before imposing sentence, we note that the trial court's order provided adequate specification of the facts as to five of the six criteria enumerated in section 39.111(7)(c). However, *783 with respect to criterion 4, which addresses the juvenile's sophistication and maturity, the trial court only referred to the defendant's past criminal behavior without commenting on the juvenile's home, environmental situation, emotional attitude, and pattern of living as required by section 39.111(7)(c)4. According to Posey v. State, 501 So.2d 192 (Fla. 5th DCA 1987), simply referring to past criminal behavior is not a sufficient factual finding to support criterion 4. Thus, upon remand, the trial court should carefully reconsider criterion 4 and provide adequate specification of the facts justifying the imposition of adult sanctions.
In conclusion, we reverse the sentence and remand for resentencing pursuant to section 39.111(7), Florida Statutes (1987), because the trial court did not timely consider the six criteria of section 39.111(7)(c) before imposing adult sanctions. Furthermore, we alert the trial court to the inadequacy of the specific factual findings as to criterion 4.
Sentence reversed and cause remanded for resentencing.
WALDEN and WARNER, JJ., concur.