PER CURIAM.
We affirm appellant’s conviction but reverse his sentence and remand for resen-tencing. The trial court’s order pursuant to section 39.111(7), Florida Statutes (1989) was deficient in addressing all of the statutory criteria. In particular, with respect to criterion 4, addressing the juvenile’s sophistication and maturity, the sole reference to past criminal behavior without addressing the other statutory criteria listed in section 39.111(7)(c)4 is inadequate. Flowers v. State, 546 So.2d 782 (Fla. 4th DCA 1989); Posey v. State, 501 So.2d 192 (Fla. 5th DCA 1987). See also Martin v. State, 547 So.2d 998 (Fla. 1st DCA 1989).
We also reverse the imposition of costs and remand for a determination of ability to pay. Mays v. State, 519 So.2d 618 (Fla.1988) and Jenkins v. State, 444 So.2d 947 (Fla.1984). However, we certify the same question certified in Beasley v. State, 565 So.2d 721 (Fla. 4th DCA 1990).
DELL and WARNER, JJ., and WALDEN, JAMES H., (Retired) Associate Judge, concur.