PER CURIAM.
We reverse and remand for resentencing because a juvenile may not be sentenced as an adult absent a written order, pursuant to Chapter 39, Florida Statutes (1989). In Flowers v. State, 546 So.2d 782 (Fla. 4th DCA 1989), we held:
[W]e reverse the sentence imposing adult sanctions on the juvenile defendant because the trial court erred in failing to timely consider all six criteria mandated by section 39.111(7)(c), Florida Statutes (1987). The statute not only requires the trial court to consider all six criteria in determining the suitability or nonsuitability for adult sanctions before any other determination of disposition, but also requires that the decision to impose adult sanctions be in writing and in conformance with the six criteria. §§ 39.111(7)(c) and (d), Florida Statutes (1987).
We reject the state’s contention that Bradley v. State, 559 So.2d 283, 284, (Fla. 4th DCA 1990), conflicts with Flowers. Our reversal is, of course, without prejudice to *1127 the trial court to enter a written order in accord with Flowers.
GLICKSTEIN, C.J., and ANSTEAD, J., concur.
WALDEN, JAMES H., Senior Judge, dissents without opinion.