WARNER, Judge.
In this appeal the appellant claims that the trial court erred in sentencing him to twenty-two months in prison, a sentence in excess of the sentencing guidelines without written reasons for departure and without consideration of the factors enumerated in section 921.005(1), Florida Statutes (1989). We agree and reverse.
A jury found appellant guilty of burglary of an automobile. Immediately after receiving the verdict, the trial court elected to sentence the appellant. Trial counsel waived a presentence investigation. The court asked about prior convictions and the prosecutor informed him of a first degree misdemeanor. The court replied “Well, he’s getting 22 months no matter what his record is.” He ordered the prosecutor to make up a scoresheet. The defense attorney then stated that he would waive a presentence investigation if they found that he falls into any non-state prison sanction, “if that’s agreed upon.” The trial court then said “I’m going to give him 22 months. He has 30 days to appeal. Make up a scoresheet. That’s it.”
Appellee contends that appellant has no right to appeal his sentence because section 921.001(5), Florida Statutes (1989), reads in pertinent part:
[A]ny person sentenced for a felony offense committed after October 1, 1988, whose presumptive sentence is any non-state prison sanction may be sentenced to community control or to a term of incarceration not to exceed 22 months. Such sentence is not subject to appeal. However, before imposing such sentence, the court shall give due consideration to the criteria in s. 921.005(1)_
While the statute provides that the sentence of 22 months is not appealable, the following sentence provides that the court shall give due consideration to criteria listed in section 921.005(1) before imposing sentence. The connector word “However” indicates that consideration of the criteria is an exception to the nonappealability of the sentence. In other words, the sentence is not appealable so long as the trial court gives the “due consideration” mandated by the statute.
Here it is clear that the trial court gave no consideration to the factors enumerated in section 921.005(1), Florida Statutes (1989), which provides in part:
(l)(a) A court shall not impose a sentence of imprisonment unless, after considering the nature and circumstances of the crime and the prior criminal record, if any of the defendant, the court finds that imprisonment is necessary for the protection of the public because:
1. A lesser sentence is not commensurate with the seriousness of the defendant’s crime; or
2. There is a probability that during the period of a suspended sentence or probation the defendant will commit another crime.
(b) The following grounds, while not controlling the discretion of the court, shall be accorded weight in favor of withholding a sentence of imprisonment:
*1124 1. The defendant’s criminal conduct neither caused nor threatened serious harm.
2. The defendant did not know and had no reason to know that his criminal conduct would cause or threaten serious harm.
3. The defendant acted under a strong provocation.
4. There were substantial grounds tending to excuse or justify the defendant’s criminal conduct, though failing to establish a defense.
5. The defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that the victim sustained.
6. The defendant has no history or prior delinquency or criminal activity or had led a law-abiding life for a substantial period of time before the commission of the present crime.
7. The defendant’s criminal conduct was the result of circumstances unlikely to recur.
8. The character and attitudes of the defendant indicate that he is unlikely to commit another crime.
9. The defendant is particularly likely to respond affirmatively to noncustodial treatment.
The trial court specifically stated that the defendant would get 22 months in prison “no matter what his record is.” In two analogous situations, this court has held that a failure to consider mandatory statutory sentencing criteria requires reversal of an enhanced sentence. First, failure to address all of the statutory criteria of section 39.111(7)(c), Florida Statutes (1987), when sentencing a juvenile as an adult is reversible error. See Thompkin v. State, 573 So.2d 451 (Fla. 4th DCA 1991). In Bradley v. State, 559 So.2d 283 (Fla. 4th DCA 1990), we held:
Section 39.111(7)(c), Florida Statutes (1987), sets forth specific criteria that the trial court must consider prior to sentencing a juvenile as an adult.... We reject appellant’s argument that the trial court must make written findings of fact which address each of the six criteria at sentencing and before reaching its decision. (Citation omitted.) However, the record must reflect that the trial court considered the six factors at the time of sentencing.
Id. at 284.
Second, regarding the habitual offender statute, this court in King v. State, 369 So.2d 1031 (Fla. 4th DCA 1979), addressed the following provision of the 1977 version of the habitual statute: “... the court shall determine if it is necessary for the protection of the public to sentence the defendant to an extended term_” § 775.084, Fla. Stat. (1977). Though the statute did not contain any oral or written requirement, this court held there:
If ... appellant should also be sentenced in accordance with Section 775.084, Florida Statutes (1975), it shall make findings of fact supported by the record before doing so. The findings of fact need not be in writing; findings reported at the sentencing hearing are sufficient to satisfy the statute.
King, 369 So.2d at 1032 (emphasis added).
Similarly, under section 921.001 there is a legislative mandate for the trial court to consider the statutory criteria of section 921.005(1) before passing sentence of the defendant. If the trial judge is statutorily required to consider certain criteria, then at the very least the record should reflect such consideration. Here the record supports an affirmative rejection of such consideration by the trial judge.
Had the court ordered a presen-tence investigation, which was waived only on the condition of the assessment of a non-state prison sanction, consideration of the report would have satisfied the criteria of section 921.005(1) since the information required in the report covers most of the criteria included in section 921.005. Because the trial court failed to do this or otherwise comply with the mandatory statutory requirements we must reverse for resentencing in compliance with section 921.001 and 921.005(1). While written findings are not required, nor do we require record assessment of each and every criterion listed in section 921.005(1), there must be some record consideration of the criteria *1125 which in effect allows a departure sentence beyond the permitted range without written reasons.
Reversed and remanded for resentenc-ing. As there is no requirement of written findings, we expressly reject appellant’s contention that he now may only be sentenced to a guidelines sentence. Cf. Bradley, 559 So.2d 283.
POLEN and GARRETT, JJ., concur.