JORGENSON, Judge.
John Spencer appeals from a judgment of conviction and sentence for battery on a law enforcement officer and resisting arrest with violence. We affirm.
As to the trial court’s evidentiary ruling, we find no error. See Rivera v. State, 547 So.2d 140, 146 (Fla. 4th DCA 1989) (where defendant failed to proffer proposed testimony, exclusion of such testimony not error), rev. denied, 558 So.2d 19 (Fla.1990). Accordingly, we affirm the judgment of conviction.
We likewise find no error in the court’s sentencing of defendant to two concurrent twenty-two month terms.
“[A]ny person sentenced for a felony offense committed after October 1, 1988, whose presumptive sentence is any non-state prison sanction may be sentenced to community control or to a term of incarceration not to exceed 22 months. Such sentence is not subject to appeal. However, before imposing such sentence, the court shall give due consideration to the criteria in s. 921.005(1).
Sec. 921.001(5), Fla.Stat. (1989).
The record establishes that, in this case, the trial court complied with section 921.001(5) and gave due consideration to the factors listed in section 921.005(1). The court ordered a presentence investigation and, at the sentencing hearing, was apprised of certain offenses that the defendant had committed since his conviction for the above charges. Contrary to defendant’s argument on appeal, the trial court is not required by section 921.001(5) to refer specifically to the criteria listed in section 921.005(1) or to give written reasons why he imposed the permitted 22-month sentences. The trial court’s ordering of a presentence investigation and its careful consideration of defendant’s behavior in the interval between the conclusion of the trial and his sentencing distinguishes this case from Mancini v. State, 593 So.2d 1122 (Fla. 4th DCA 1992). In Mancini, the trial court imposed a sentence of 22 months pursuant to section 921.005(1) after stating, “Well, he’s getting 22 months no matter what his record is.” The court had not ordered a presentence investigation. The fourth district held that “[h]ad the court ordered a presentence investigation ... consideration of the report would have satisfied the criteria of section 921.005(1) since the information in the report covers most of the criteria included in section 921.005.” Mancini, 593 So.2d at 1124. Because the trial court thus complied with the mandate of section 921.001(5), the sentence imposed was proper.
AFFIRMED.