FARMER, Judge.
Once again, owing to the failure of a trial judge to make a requisite statutory finding, we reverse the sentence of a juvenile offender imposing adult sanctions. This 16-year old defendant pleaded no contest to a charge of possession of cocaine and was sentenced to 3½ years incarceration.[1] At the plea hearing, where the court initially made the decision to sentence defendant to adult penalties, the court said the following respecting his sophistication and maturity:[2]
“I find that the child is sophisticated and mature although his educational progress is somewhat limited. I find that in view of his contacts with the system from what is contained in the PSI, that he is sophisticated and mature for his age of sixteen.”
In his sentencing order, the court wrote:
“4. The sophistication and maturity of the Defendant. The Defendant, while his education is limited, he is deemed by this *672 court to be sophisticated and mature through his repeated contacts with the Court system.”
There are no other findings on this subject.
In Flowers v. State, 546 So.2d 782 (Fla. 4th DCA 1989), Judge Gunther wrote for this court:
“ * * * we note that the trial court’s order provided adequate specification of the facts as to five of the six criteria enumerated in [the statute]. However, with respect to criterion 4, which addresses the juvenile’s sophistication and maturity, the trial eourt referred to only the defendant’s past criminal behavior without commenting on the juvenile’s home, environmental situation, emotional attitude, and pattern of living as required by [the identical statutory provision]. According to Posey v. State, 501 So.2d 192 (Fla. 5th DCA 1987), simply referring to past criminal behavior is not sufficient factual finding to support criterion 4.”
546 So.2d at 782-783. The oral and written findings in this case cannot reasonably be distinguished from those in Flowers.
We therefore reverse for resentencing. If the trial judge continues to believe that adult sanctions should be imposed, he must comply with the written specificity requirement of section 39.059(7)(d), Florida Statutes (1991). With regard to defendant’s maturity, a proper finding requires more than the mere observation that he is sophisticated about the criminal justice system because of his prior contacts.
CONVICTION AFFIRMED; SENTENCE REVERSED; REMANDED FOR RESENTENCING.
GUNTHER, J., and DOWNEY, JAMES C., Senior Judge, concur.

. Defendant moved to suppress the fruits of a search of his person when the officer told him to spit out the contents of his mouth. The officer had acted after seeing another man approach defendant outside a nearby food store, hand him some currency, and defendant hand a small bag to the man. When defendant saw the officer approach him, he quickly emptied the contents of the bag into his mouth. On the officer's command, he spat out the contents onto the hood of an automobile. The officer seized 17 pieces of cocaine. We affirm the trial court's finding on the motion to suppress which upheld the conduct of the officer.

. See § 39.059(7)(c)4, Fla.Stat. (1991).