SHIVERS, Judge.
McCaskill, convicted of evidence tampering, appeals his enhanced sentence as a habitual offender pursuant to section 775.-084, Florida Statutes (1981). Appellant argues that the findings of the trial court are insufficient as a matter of law to support sentencing as a habitual offender. We agree.
At the sentencing hearing, the trial court took judicial notice of the fact that McCas-kill had been convicted for robbery in 1981 and sentenced to four years in prison. Additionally, testimony from three law enforcement officers was presented at the hearing. The officers’ testimony related to incidents of threats and verbal abuse directed at the officers by appellant. No other *525 evidence was presented. At the conclusion of the hearing, the trial court sentenced appellant as a habitual felony offender, stating:
Well, the court is going to find that the State has carried its burden and the preponderance of the evidence will reflect that the defendant has a defiance toward law enforcement officers and it will be necessary for the protection of the public from further criminal activity of the defendant that he be sentenced as a habitual felony offender.
Before a felon may be sentenced as a habitual felony offender under section 775.084, Florida Statutes, the trial court must, inter alia, find that the imposition of sentence under section 775.084 is necessary for the protection of the public from further criminal activity by the defendant. Section 775.084(3)(d) requires that the trial court make findings of fact that show on their face that an extended term is necessary to protect the public from defendant’s further criminal conduct. Eutsey v. State, 383 So.2d 219 (Fla.1980); Adams v. State, 376 So.2d 47 (Fla.1st DCA 1979). In the instant case, the only finding made by the trial court was that “the defendant has a defiance towards law enforcement officers We think that this finding of fact, which relates merely to appellant’s subjective attitude, is insufficient to support a conclusion that an enhanced sentence is necessary for the protection of the public from further criminal activity. The trial court did not find, nor does the record contain evidence to support a finding, that appellant attempted to carry out his threats or exhibited non-verbal behavior which necessitated the protection of the public. Accordingly, appellant’s sentence is vacated, and this cause is remanded for resentencing not inconsistent with this opinion.
MILLS and ZEHMER, JJ., concur.