564 So.2d 1169 (1990)
Earl Jeffrey BARBER, Appellant,
v.
STATE of Florida, Appellee.
No. 89-2385.
District Court of Appeal of Florida, First District.
July 16, 1990.
*1170 Cheryl L. Gentry, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Edward C. Hill, Jr., Asst. Atty. Gen., for appellee.
ERVIN, Judge.
Appellant, Earl Jeffrey Barber, was found guilty of escaping from the Tallahassee Community Center on September 25, 1988. The trial court sentenced him within the sentencing guidelines and pursuant to Section 775.084, Florida Statutes (1987), because the court determined he was a habitual felony offender. Barber contends on appeal that section 775.084 is facially unconstitutional because it violates the guarantees of equal protection and due process. We disagree and affirm.

EQUAL PROTECTION
Barber claims that the statute violates the equal protection clause because nothing in the law prevents two defendants with similar or identical criminal records from being treated differently  one may be classified as a habitual felony offender, while the other might instead be sentenced under the sentencing guidelines alone. His argument is based upon section 775.084(1)(a), in which a habitual felony offender is defined as "a defendant for whom the court may impose an extended term of imprisonment, as provided in this section." (Emphasis added.)
The United States Supreme Court, however, has held on numerous occasions that the guarantee of equal protection is not violated when prosecutors are given the discretion by law to "habitualize" only some of those criminals who are eligible, even though their discretion is not bound by statute. Bordenkircher v. Hayes, 434 U.S. 357, 364, 98 S.Ct. 663, 668-69, 54 L.Ed.2d 604, 611 (1978); Oyler v. Boles, 368 U.S. 448, 455-56, 82 S.Ct. 501, 505-06, 7 L.Ed.2d 446, 452-53 (1962). Consequently, Barber has not raised a cognizable claim. Mere selective, discretionary application of a statute is permissible; only a contention that persons within the habitual offender class are being selected according to some unjustifiable standard, such as race, religion, or other arbitrary classification, would raise a potentially viable challenge. Bordenkircher, 434 U.S. at 364, 98 S.Ct. at 668-69, 54 L.Ed.2d at 611; Oyler, 368 U.S. at 456, 82 S.Ct. at 506, 7 L.Ed.2d at 453. "The mere failure to prosecute all offenders is no ground for a claim of denial of equal protection." Bell v. State, 369 So.2d 932, 934 (Fla. 1979). Accord Owen v. State, 443 So.2d 173, 175 (Fla. 1st DCA 1983) (reverse sting operation that was conducted only when over fifty pounds of marijuana *1171 was involved, was not an arbitrary classification comparable to the unjustifiable selection of criminal defendants based upon race or religion, and therefore did not deny equal protection).
Similarly, the executive branch is properly given the discretion to choose which available punishments to apply to convicted offenders. See, e.g., United States v. Batchelder, 442 U.S. 114, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979) (no equal protection violation because prosecutor has discretion to choose which of two statutes with identical elements to prosecute defendant under, and which penalty scheme to apply to defendant); Sullivan v. Askew, 348 So.2d 312 (Fla.) (constitutional rights of prisoner who seeks clemency from a death sentence are not offended by the unrestricted discretion vested in the executive), cert. denied, 434 U.S. 878, 98 S.Ct. 232, 54 L.Ed.2d 159 (1977); Proffitt v. Florida, 428 U.S. 242, 96 S.Ct. 2960, 49 L.Ed.2d 913 (1976), and Gregg v. Georgia, 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976) (both holding that the constitution is not violated by exercise of prosecutor's discretion in deciding to charge one with a capital offense or to accept a plea to a lesser offense, nor by executive's exercise of discretion in commuting a death sentence).

DUE PROCESS

A
Barber claims that section 775.084 violates his right to due process because the process it establishes is unreasonable, arbitrary, and capricious. State v. Saiez, 489 So.2d 1125, 1128 (Fla. 1986) ("the means selected shall have a reasonable and substantial relation to the object sought to be attained and shall not be unreasonable, arbitrary, or capricious.") He reasons that the law is arbitrary and capricious because (a) the statute does not contain a method for determining who the law should be applied to, as opposed to applying the sentencing guidelines alone; and (b) the law has no method for determining who  either the prosecutor or the trial court  must decide whether to apply the law to a defendant; therefore the prosecutor has unfettered discretion in applying the law arbitrarily and capriciously. These arguments are not persuasive for the following reasons.
The legislative purpose underlying this law is proper, as are the means the legislature has chosen to achieve its goal. The legislature chosen to restrict the class of felons encompassed by section 775.084, based upon the number of prior felonies and misdemeanors committed, and based upon the length of time since the defendant committed the last crime. It is apparent that the legislature intended to enact this law in the belief that increased sentences for repeat offenders will deter their criminal conduct, at least during the time that they are incarcerated. There can be no question that enhanced punishment of repeat felons is a legitimate goal within the state's police power. A state "may inflict a deserved penalty merely to vindicate the law or to deter or to reform the offender or for all of these purposes,"[1] and the state may increase the severity of the punishment for a repeat offender.[2]
The legislature's conduct in enacting a law enhancing sentences should not be found to be "arbitrary and capricious" simply because another law overlaps in the same area. Although the sentencing guidelines and the habitual felony offender laws are similar in that each addresses the issue of punishment, they are different. Under the guidelines, a repeat offender's sentence cannot be enhanced beyond the recommended sentencing range without written departure reasons. Under section 775.084, however, such offender's sentence may be automatically extended beyond the statutory maximum, so long as the offender meets the criteria of section 775.084(1). The legislature appears to have concluded that felons who commit a certain number *1172 of felonies or a certain type of felony within a specified period of time should be treated differently. The legislature is permitted to enact multiple statutes that prohibit the same conduct but carry disparate penalties. United States v. Batchelder, 442 U.S. 114, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979) (government may prosecute under either of two overlapping statutes prohibiting felons from unlawfully receiving firearms); State v. Cogswell, 521 So.2d 1081 (Fla. 1988) (state may prosecute bookmaking as either a felony or misdemeanor under either of two statutes).
Barber's second point, that the prosecutor has "unfettered discretion" under the law, has no merit. The type of discretion afforded the prosecutor under this law is constitutionally permissible, for it is no different from that afforded a prosecutor in other areas of the law. For example, courts have recognized a prosecutor's broad discretion in selecting who to prosecute;[3] who to charge with a capital offense and whether to accept a plea to a lesser offense;[4] and which of two statutes, prohibiting the same conduct but with disparate penalties, a defendant will be charged with violating[5]. In addition, "[u]nder Florida's constitution, the decision to charge and prosecute is an executive responsibility, and the state attorney has complete discretion in deciding whether and how to prosecute." State v. Bloom, 497 So.2d 2, 3 (Fla. 1986). The United States Supreme Court has described the discretion routinely exercised by prosecutors and courts in the following manner:
The provisions at issue [two statutes with identical elements but different penalties] plainly demarcate the range of penalties that prosecutors and judges may seek and impose. In light of that specificity, the power that Congress has delegated to those officials is no broader than the authority they routinely exercise in enforcing the criminal laws. Having informed the courts, prosecutors, and defendants of the permissible punishment alternatives available under each Title, Congress has fulfilled its duty.
United States v. Batchelder, 442 U.S. at 126, 99 S.Ct. at 2205, 60 L.Ed.2d at 766. Here, the Florida Legislature has fulfilled its duty by informing the courts, prosecutors, and defendants of the permissible punishment alternatives available under the habitual offender statute and under the sentencing guidelines.

B
Barber next claims that the habitual offender statute is void for vagueness[6] because the same paragraph contains language that makes application of habitual felony sentencing optional, as well as language that suggests such sentencing is mandatory. Barber then cites sections 775.084(4)(v) and (4)(c), when there is no subsection (v). Barber appears to be referring to subsection (b), although subsection (b) applies to habitual misdemeanants.
"The question presented by a vagueness challenge ... is whether the language of the statute is sufficiently clear to provide a definite warning of what conduct will be deemed a violation; that is, whether ordinary people will understand what the statute requires or forbids, measured by common understanding and practice." State v. Bussey, 463 So.2d 1141, 1144 (Fla. 1985). We find nothing vague about subsection (4).
The provisions in question provide:
(4)(a) The court, in conformity with the procedure established in subsection (3) and upon a finding that the imposition of *1173 sentence under this section is necessary for the protection of the public from further criminal activity by the defendant, shall sentence the habitual felony offender as follows:
1. In the case of a felony of the first degree, for life.
2. In the case of a felony of the second degree, for a term of years not exceeding 30.
3. In the case of a felony of the third degree, for a term of years not exceeding 10.
(b) The court, in conformity with the procedure established in subsection (3) and upon a finding that the imposition of sentence under this section is necessary for the protection of the public from further criminal activity by the defendant, may sentence the habitual misdemeanant as follows:
1. In the case of a misdemeanor of the first degree, for a term of years not exceeding 3.
2. In the case of a misdemeanor of the second degree, for a term of imprisonment not in excess of 1 year.
(c) If the court decides that imposition of sentence under this section is not necessary for the protection of the public, sentence shall be imposed without regard to this section. At any time when it appears to the court that the defendant is a habitual felony offender or an habitual misdemeanant, the court shall make that determination as provided in subsection (3).
(Emphasis added.)
Subsection (4)(c) states that when it appears that a defendant meets the criteria of the statute, the court is required to determine, in a separate proceeding, whether the defendant is indeed subject to the statute. After complying with subsection (3), which articulates the procedure for making such determination, the court must then determine whether imposition of an enhanced sentence is necessary to protect the public, pursuant to subsections (4)(a) and (4)(b). If the court decides this in the affirmative, it may sentence a habitual misdemeanant, and shall sentence a habitual felony offender, under the statute. Certainly, such language is sufficiently clear to provide a definite warning of the prohibited conduct; therefore, the statute is not void for vagueness.

C
Finally, Barber contends that the law does not bear a reasonable and just relationship to a legitimate state interest. He claims that while the statute appears to be aimed at the most dangerous criminals, it excludes by its very terms those who have committed the most serious crimes. Barber states that "[a] person cannot be sentenced as a habitual felony offender if his offense is classified as a first degree felony punishable by life, a life felony, or a capital offense. Section 775.084(4)(a), Florida Statutes (1987)." Although subsection (4) makes no provision for enhancing sentences if the original sentence falls into one of the above categories, this is not a basis for finding that the statute fails to bear a reasonable and just relationship to a legitimate state interest. The legislature may have determined that these punishments are already sufficiently severe to keep the felon in prison for an extended period of time. Section 775.084, on the other hand, enhances sentences of habitual offenders when the statutes criminalizing their offenses do not take such recidivism into account.
Barber has failed to show that the 1987 habitual felony offender statute is unconstitutional. His sentence under that law is therefore
AFFIRMED.
WENTWORTH and MINER, JJ., concur.
NOTES
[1] Pennsylvania ex rel. Sullivan v. Ashe, 302 U.S. 51, 55, 58 S.Ct. 59, 61, 82 L.Ed. 43, 46 (1937).
[2] Moore v. Missouri, 159 U.S. 673, 676-77, 16 S.Ct. 179, 180-81, 40 L.Ed. 301, 302-03 (1895); and Cross v. State, 96 Fla. 768, 119 So. 380 (1928).
[3] Wayte v. United States, 470 U.S. 598, 607, 105 S.Ct. 1524, 1530, 84 L.Ed.2d 547, 555-56 (1985).
[4] Proffitt v. Florida, 428 U.S. 242, 96 S.Ct. 2960, 49 L.Ed.2d 913 (1976).
[5] United States v. Batchelder, 442 U.S. 114, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979), and State v. Cogswell, 521 So.2d 1081 (Fla. 1988).
[6] Appellee briefly raises the question whether a void-for-vagueness challenge may be raised against a sentencing statute at all, because the doctrine is traditionally applied to statutes that prohibit certain conduct. The Supreme Court has, however, at least once applied a void-for-vagueness analysis to a statute that established a penalty for criminal conduct. United States v. Evans, 333 U.S. 483, 68 S.Ct. 634, 92 L.Ed. 823 (1948).