PER CURIAM.
We find that the prosecutor’s statement, if improper, was not so egregious or prejudicial as to vitiate the entire trial. There was overwhelming evidence introduced against the appellant, and the trial court did not reversibly err in overruling appellant’s objection to the prosecutor’s closing statement.
We further reject appellant’s contention that the habitual offender statute, section 775.084, Florida Statutes (1989) is unconstitutional. In Barber v. State, 564 So.2d 1169 (Fla. 1st DCA 1990), we upheld the 1987 version of section 775.084, Florida Statutes. In Love v. State, 569 So.2d 807 (Fla. 1st DCA 1990), we found the analysis used in Barber to be equally applicable to the 1988 statute. See also Pittman v. State, 570 So.2d 1045 (Fla. 1st DCA 1990); King v. State, 557 So.2d 899 (Fla. 5th DCA 1990), rev. denied, 564 So.2d 1086 (Fla. 1990); and Arnold v. State, 566 So.2d 37 (Fla. 2d DCA 1990). Because the changes occurring in the 1989 statute would not affect the statute’s constitutionality, the analysis used in Barber is also applicable to the 1989 version.
AFFIRMED.
SHIVERS, C.J., and NIMMONS and MINER, JJ., concur.