592 So.2d 1119 (1991)
Willie ANDERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 90-647.
District Court of Appeal of Florida, First District.
December 3, 1991.
On Motion for Rehearing February 13, 1992.
Nancy A. Daniels, Public Defender, and Carol Ann Turner, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Carolyn J. Mosley, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Chief Judge.
Willie Lee Anderson has appealed from sentencing as an habitual felony offender, following his conviction by jury of four counts each of sale of cocaine and possession of cocaine with intent to sell. We reverse and remand for resentencing.
Following Anderson's conviction, the state filed notice of its intent to seek habitual felony offender classification. At the sentencing proceeding, the state offered as predicate convictions two prior felony convictions, which Anderson conceded were his. Based thereon, the court held that Anderson qualified as an habitual felony offender, and sentence was imposed accordingly. However, the trial court made no finding that the predicate convictions had not been pardoned or set aside, as required by section 775.084(1)(a)3. and 4., Florida Statutes (1989).
Anderson contends first that section 775.084, Florida Statutes (1989) is unconstitutional, *1120 in that the prosecutor's discretion to decide who among qualifying defendants will receive habitual offender treatment deprives him of equal protection of the laws, and infringes on the courts' power to impose punishment. He next argues that the classification must be reversed based on the trial court's failure to make all of the findings required by section 775.084(1)(a).
Anderson's constitutional arguments are without merit. The issue of prosecutorial discretion was addressed in Barber v. State, 564 So.2d 1169 (Fla. 1st DCA), review denied 576 So.2d 284 (Fla. 1990). Barber held that the guarantee of equal protection is not violated when prosecutors are given the discretion by law to "habitualize" only some of those criminals who are eligible, even though their discretion is not bound by statute. Mere selective, discretionary application of a statute is permissible; only a contention that persons within the habitual offender class are being selected according to some unjustifiable standard, such as race, religion, or other arbitrary classification, would raise a potentially viable challenge. Barber at 1170 (emphasis in original). Barber addressed the separation of power issue as well, holding that "the executive branch is properly given the discretion to choose which available punishments to apply to convicted offenders." Barber at 1171.
The trial court's failure to make the findings required by section 775.084(1)(a) is, however, reversible error, even in the absence of objection. Rolle v. State, 586 So.2d 1293 (Fla. 4th DCA 1991), citing Parker v. State, 546 So.2d 727 (Fla. 1989) and Walker v. State, 462 So.2d 452 (Fla. 1985). Anderson's sentence must therefore be reversed. We note that, on remand for resentencing, the trial court may resentence Anderson as an habitual offender, if the requisite statutory findings are made by the court and supported by the evidence. Rodger v. State, 583 So.2d 429 (Fla. 3d DCA 1991); King v. State, 580 So.2d 169 (Fla. 4th DCA 1991).
Reversed and remanded for resentencing.
SHIVERS and ZEHMER, JJ., concur.

ON MOTION FOR REHEARING
JOANOS, Chief Judge.
The State of Florida seeks rehearing of the court's December 3, 1991 opinion in the above-styled case. That opinion reversed and remanded for resentencing based on the trial court's failure, prior to classifying Anderson as an habitual offender, to make the findings required by sections 775.084(1)(a)3. and 4. and 775.084(3)(d), Florida Statutes (1989). While we deny the motion for rehearing, we write to explain our reasons for doing so, and to certify a question of great public importance.
The State's rehearing motion is premised on Eutsey v. State, 383 So.2d 219 (Fla. 1980). In Eutsey, the appellant was classified as an habitual offender under the 1977 habitual offender statute, following the trial court's finding that he "had not received a pardon and that his convictions had not been set aside in post-conviction relief proceedings." Eutsey at 223. Eutsey challenged this finding on appeal, alleging that the state had "failed to prove that he had not been pardoned of the previous offense or that it had not been set aside in a post-conviction proceeding." The Supreme Court rejected Eutsey's contention, in that "these are affirmative defenses available to Eutsey rather than matters required to be proved by the state." Eutsey at 226.
The state relies on this language to argue that the trial court's failure to make findings regarding the pardoning or setting aside of the predicate convictions was not error. It contends that, after Eutsey, no such findings are required if a defendant does not affirmatively raise the argument that the predicate convictions have been pardoned or set aside.
We reject this argument on several grounds. First, the habitual offender statute, both now and when Eutsey was decided, states that "each of the findings required as the basis for [an habitual offender] sentence shall be found to exist by a preponderance of the evidence." Section 775.084(3)(d), Fla. Stat. (1989) (emphasis supplied). The statute does not qualify this requirement with regard to the pardoning or setting aside of the predicate convictions *1121 as set forth in section 775.084(1)(a)3. and 4. Therefore, the plain statutory language cannot be reconciled with the position which the state urges us to take on this issue.
The state attempts to overcome this obstacle by arguing that the plain language of the statute must be read with the "judicial gloss" placed thereon by Eutsey. However, the Eutsey trial court, unlike the trial court herein, made the statutorily required findings regarding the pardoning or setting aside of Eutsey's predicate convictions. Thus, the necessity of making findings on these issues in the absence of their allegation by the defendant was not before the court when it classified them as affirmative defenses, and we are reluctant to apply that language as urged by the state to qualify the plain requirements of the habitual offender statute.
However, it must be acknowledged that the Supreme Court in Eutsey did refer to the requirements for habitual offender classification set forth in section 775.084(1)(a)3. and 4. as affirmative defenses, which in our view creates doubt as to the proper application of these statutory requirements. Therefore, pursuant to Rule 9.030(a)(2)(A)(v), Florida Rules of Appellate Procedure, we certify the following question as one of great public importance:
Does the holding in Eutsey v. State, 383 So.2d 219 (Fla. 1980) that the state has no burden of proof as to whether the convictions necessary for habitual felony offender sentencing have been pardoned or set aside, in that they are "affirmative defenses available to [a defendant]," Eutsey at 226, relieve the trial court of its statutory obligation to make findings regarding those factors, if the defendant does not affirmatively raise, as a defense, that the qualifying convictions provided by the state have been pardoned or set aside?
The motion for rehearing is denied.
SHIVERS and ZEHMER, JJ., concur.