596 So.2d 481 (1992)
Billy Joe HODGES, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1569.
District Court of Appeal of Florida, First District.
March 24, 1992.
Nancy A. Daniels, Public Defender, Carol Ann Turner, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Edward C. Hill, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Appellant, defendant below, seeks review of his sentence as an habitual violent felony offender following his conviction of the offense of unarmed robbery. He presents two arguments: (1) that Section 775.084, Florida Statutes (1989) (the habitual offender statute) is unconstitutional; and (2) that the trial court failed to make all of the findings requisite to imposition of an habitual violent felony offender sentence. We affirm in part, reverse in part and remand.
Appellant's arguments regarding the unconstitutionality of Section 775.084 have been considered and rejected in the following decisions, among a great many others: Merriweather v. State, 593 So.2d 1218 (Fla. 1st DCA 1992); Anderson v. State, 592 So.2d 1119 *482 (Fla. 1st DCA 1991); Perkins v. State, 583 So.2d 1103 (Fla. 1st DCA), review granted, 590 So.2d 421 (Fla. 1991); Pittman v. State, 570 So.2d 1045 (Fla. 1st DCA 1990), review denied, 581 So.2d 166 (Fla. 1991); Barber v. State, 564 So.2d 1169 (Fla. 1st DCA), review denied, 576 So.2d 284 (Fla. 1990). Accordingly, we affirm on this issue. However, because the Supreme Court has recently accepted jurisdiction in Perkins v. State, supra, we certify the following question as one of great public importance:
DOES SECTION 775.084, FLORIDA STATUTES (1989), DENY EITHER DUE PROCESS OR EQUAL PROTECTION OF LAW UNDER EITHER THE FLORIDA OR THE UNITED STATES CONSTITUTION; OR VIOLATE THE DOCTRINE OF SEPARATION OF POWERS, AS SET FORTH IN THE FLORIDA CONSTITUTION?
As to his second issue, appellant argues that the trial court failed to make findings with regard to the following, which, according to appellant is a prerequisite to imposition of an habitual violent felony offender sentence:
3. The defendant has not received a pardon on the ground of innocence for any crime that is necessary for the operation of this section; and
4. A conviction of a crime necessary to the operation of this section has not been set aside in any post-conviction proceeding.
§ 775.084(1)(b) 3. & 4., Fla. Stat. (1989). In response, the state relies upon Eutsey v. State, 383 So.2d 219 (Fla. 1980), in which the Supreme Court said:
We ... reject [appellant's] contention that the State failed to prove that he had not been pardoned of the previous offense or that it had not been set aside in a post-conviction proceeding since these are affirmative defenses available to [appellant] rather than matters required to be proved by the State.
Id. at 226. (Eutsey was decided based upon the 1977 version of the habitual offender statute which, in its relevant provisions, is substantively indistinguishable from the 1989 version.) A panel of this court has already held that the state's reliance upon Eutsey is unavailing; and that it is reversible error to fail to make such findings, even absent objection. Anderson v. State, 592 So.2d 1119 (Fla. 1st DCA 1991), on rehearing, 17 F.L.W. D471 (Fla. 1st DCA Feb. 13, 1992). (A corollary of the holding in Anderson, although not discussed, would appear to be that the burden rests upon the state to present evidence sufficient to enable the trial court to make such findings.) We are constrained to follow Anderson and, therefore, to reverse appellant's sentence and remand for resentencing. However, as in Anderson, we certify the following question as one of great public importance:
DOES THE HOLDING IN Eutsey v. State, 383 So.2d 219 (Fla. 1980), THAT THE STATE HAS NO BURDEN OF PROOF AS TO WHETHER THE CONVICTIONS NECESSARY FOR HABITUAL FELONY OFFENDER SENTENCING HAVE BEEN PARDONED OR SET ASIDE, IN THAT THEY ARE "AFFIRMATIVE DEFENSES AVAILABLE TO [A DEFENDANT]," Eutsey at 226, RELIEVE THE TRIAL COURT OF ITS STATUTORY OBLIGATION TO MAKE FINDINGS REGARDING THOSE FACTORS, IF THE DEFENDANT DOES NOT AFFIRMATIVELY RAISE, AS A DEFENSE, THAT THE QUALIFYING CONVICTIONS PROVIDED BY THE STATE HAVE BEEN PARDONED OR SET ASIDE?
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
ZEHMER, MINER and WEBSTER, JJ., concur.