597 So.2d 975 (1992)
Jerome BANES, Appellant,
v.
STATE of Florida, Appellee.
No. 91-0441.
District Court of Appeal of Florida, Fourth District.
May 13, 1992.
Richard L. Jorandby, Public Defender, and March K. Allen, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Don M. Rogers, Asst. Atty. Gen., West Palm Beach, for appellee.
DELL, Judge.
We affirm appellant's conviction. We reject appellant's argument that the record affirmatively shows a vindictive motivation on the part of the trial court when it sentenced him as a habitual offender. However, we reverse appellant's sentence as a habitual offender because the trial court failed to make the requisite findings pursuant to section 775.084(1)(a), Florida Statutes *976 (1989). See Rolle v. State, 586 So.2d 1293 (Fla. 4th DCA 1991); Simon v. State, 589 So.2d 381 (Fla. 4th DCA 1991); Anderson v. State, 592 So.2d 1119 (Fla. 1st DCA 1992). We also adopt the question certified by the First District Court of Appeal in Anderson, and certify it as one of great public importance:
Does the holding in Eutsey v. State, 383 So.2d 219 (Fla. 1980) that the state has no burden of proof as to whether the convictions necessary for habitual felony offender sentencing have been pardoned or set aside, in that they are "affirmative defenses available to [a defendant]," Eutsey at 226, relieve the trial court of its statutory obligation to make findings regarding those factors, if the defendant does not affirmatively raise, as a defense, that the qualifying convictions provided by the state have been pardoned or set aside?
Id. 592 So.2d at 1121.
On remand, the trial court may again sentence appellant as a habitual offender provided it makes findings, supported by evidence, as required by section 775.084(1)(a). See Meehan v. State, 526 So.2d 1083 (Fla. 4th DCA 1988).
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
GLICKSTEIN, C.J., and WARNER, J., concur.