PER CURIAM.
We reverse appellant’s sentence as a habitual offender because the trial court failed to make the requisite findings pursuant to section 775.084(l)(a), Florida Statutes (1989). See Rolle v. State, 586 So.2d *591 1293 (Fla. 4th DCA 1991); Simon v. State, 589 So.2d 381 (Fla. 4th DCA 1991); Anderson v. State, 592 So.2d 1119 (Fla. 1st DCA 1992). We also adopt the question certified by the First District Court of Appeal in Anderson, and certify it as one of great public importance as restated in Banes v. State, 597 So.2d 975 (Fla. 4th DCA 1992).
On remand, the trial court may again sentence appellant as a habitual offender provided it makes findings, supported by evidence, as required by section 775.-084(1)(a). See Meehan v. State, 526 So.2d 1083 (Fla. 4th DCA 1988).
GLICKSTEIN, C.J., and DELL and WARNER, JJ., concur.