PER CURIAM.
The appellant challenges judgments óf conviction and habitual violent felony offender sentences, as well as a restitution order. The appellant has not established *934 any reversible error with regard to the judgments of conviction. Certain prosecu-torial comments made during closing argument may have been improper, but the appellant did not object and the comments did not so impair the fairness of the proceeding as to produce any fundamental error. However, the sentences must be vacated due to the court’s failure to make the specific findings required by section 775.-084(l)(b)3 and 4, Florida Statutes. The restitution order must also be vacated, as it was entered after the court was divested of jurisdiction.
In sentencing the appellant as a habitual violent felony offender the court did not make any finding as to whether the appellant’s prior offenses had been pardoned or set aside in a post-conviction proceeding. Such findings are required by section 775.084(l)(b)3 and 4, and Anderson v. State, 592 So.2d 1119 (Fla. 1st DCA 1991), petition for review filed, case no. 79,535, establishes that these findings are an essential part of a habitual felony offender sentence. See also, Hodges v. State, 596 So.2d 481 (Fla. 1st DCA 1992). Other districts have taken various views on this issue. E.g., compare Baxter v. State, 599 So.2d 721 (Fla. 2d DCA 1992), petition for review filed, case no. 79,993, with Bryant v. State, 602 So.2d 582 (Fla. 4th DCA 1992), petition for review filed, case no. 80,033. But the state properly concedes that in this district the issue is controlled by Anderson.
After the judgments and sentences were entered in this case the appellant filed a notice of appeal, and the court thereafter entered the challenged restitution order. Once the notice of appeal was filed, the court lacked jurisdiction to amend the sentence by ordering restitution. Dailey v. State, 575 So.2d 237 (Fla. 2d DCA 1991). Although the absence of a restitution order in accordance with section 775.-089(l)(a), Florida Statutes, may make the sentence incomplete and subject to modification under Florida Rule of Criminal Procedure 3.800(b), such modification may not be obtained while the appeal is pending. See Dailey.
The judgments of conviction are affirmed. The sentences, including the restitution order, are vacated. Pursuant to Florida Rule of Appellate Procedure 9.030(a)(2)(A)(v) and (vi), we acknowledge conflict with Baxter and certify the same question as was certified in Anderson.
WIGGINTON, ALLEN and WEBSTER, JJ., concur.