OPINION ON REMAND
ERVIN, Judge.
On appeal to this court, appellant, Michael Fuller, asserted the following four errors: (1) That the trial court erroneously sentenced him as a habitual felony offender, because the two predicate convictions had been entered on the same date; (2) that the trial court had improperly sentenced him as a habitual felony offender without making the requisite statutory findings; (3) that Florida’s habitual felony offender statute, Section 775.084, Florida Statutes (1989), was violative of the constitutional provisions regarding due process, equal protection, and separation of powers, and because it was arbitrary, vague, and stan-dardless; and (4) that the trial court erred by failing to conduct an oral plea colloquy. In Fuller v. State, 578 So.2d 887 (Fla. 1st DCA 1991), we reversed appellant’s habitual felony offender sentence for lack of sequential convictions and certified the question to the supreme court, declined to consider issues two and three on mootness grounds, and affirmed as to the fourth issue. Our supreme court has now quashed our decision on the first issue, and remanded to this court for further proceedings consistent with the decision in State v. Barnes, 595 So.2d 22 (Fla.1992). See State v. Fuller, 595 So.2d 20 (Fla.1991).
Based upon Barnes, we now affirm appellant’s first issue on the basis that sequential convictions are not required for imposition of a habitual felony offender sentence under section 775.084.
We conclude, however, that reversal and remand is required as to appellant’s second issue, because the trial judge failed to make the necessary statutory findings for habitual felony offender sentencing. Section 775.084(3)(d) requires that “[e]ach of the findings required as the basis for such [habitual felony offender] sentence shall be found to exist by a preponderance of the evidence.” Those findings, which are set out in section 775.084(l)(a), include, among other things, that the defendant has not received a pardon or postconviction relief concerning the predicate convictions. §§ 775.084(l)(a)(3) & (4), Fla.Stat. (1989). In the instant case, the court made no findings that the predicate convictions had not been pardoned or set aside through any postconviction relief proceeding. This court has previously found the failure to make such findings reversible error, even in the absence of an objection. Anderson v. State, 592 So.2d 1119, 1120 (Fla. 1st DCA 1991), petition for review filed, No. 79,535 (Fla. Mar. 16, 1991); Hodges v. State, 596 So.2d 481, 482 (Fla. 1st DCA 1992). Nevertheless, in accordance with Anderson and Hodges, we certify the following question as one of great public importance:
DOES THE HOLDING IN EUTSEY v. STATE, 383 So.2d 219 (Fla.1980), THAT THE STATE HAS NO BURDEN OF PROOF AS TO WHETHER THE CONVICTIONS NECESSARY FOR HABITUAL FELONY OFFENDER SENTENCING HAVE BEEN PARDONED OR SET ASIDE, IN THAT THEY ARE “AFFIRMATIVE DEFENSES AVAILABLE TO [A DEFENDANT],” EUTSEY, 383 So.2d at 226, RELIEVE THE TRIAL COURT OF ITS STATUTORY OBLIGATION TO MAKE FINDINGS REGARDING THOSE FACTORS, IF THE DEFENDANT DOES NOT AFFIRMATIVELY RAISE, AS A DEFENSE, THAT THE QUALIFYING CONVICTIONS PROVIDED BY THE STATE HAVE BEEN PARDONED OR SET ASIDE?
*1309 Turning to appellant’s third issue, we affirm because this court has previously considered the arguments raised by appellant and concluded that section 775.084 is constitutional. See Perkins v. State, 583 So.2d 1103 (Fla. 1st DCA 1991), petition for review filed, No. 78,613 (Fla. Sept. 17, 1991); Merriweather v. State, 593 So.2d 1218 (Fla. 1st DCA 1992), petition for review filed, No. 79,572 (Fla. Mar. 25, 1992); Garcia v. State, 594 So.2d 806 (Fla. 1st DCA 1992); Anderson v. State, 592 So.2d 1119 (Fla. 1st DCA 1991). And see Barber v. State, 564 So.2d 1169 (Fla. 1st DCA), review denied, 576 So.2d 284 (Fla.1990); Pittman v. State, 570 So.2d 1045 (Fla. 1st DCA 1990), review denied, 581 So.2d 166 (Fla.1991). However, in accordance with Merriweather and Anderson, and because Perkins, Merriweather and Anderson are presently pending before our supreme court, we also certify the following as a question of great public importance:
DOES SECTION 775.084, FLORIDA STATUTES (1989), DENY EITHER DUE PROCESS OR EQUAL PROTECTION OF THE LAW UNDER EITHER THE FLORIDA OR THE UNITED STATES CONSTITUTIONS OR VIOLATE THE DOCTRINE OF SEPARATION OF POWERS, AS SET FORTH IN THE FLORIDA CONSTITUTION?
As for appellant’s fourth issue, we adopt our previous ruling that in the absence of an allegation of prejudice or manifest injustice to appellant, the trial court’s failure to strictly adhere to Florida Rule of Criminal Procedure 3.172(c) does not require reversal. Fitzpatrick v. State, 414 So.2d 1121 (Fla. 1st DCA 1982).
AFFIRMED in part, REVERSED in part, and REMANDED for resentencing.[1]
JOANOS, C.J., and MINER, J., concur.

. On remand, the trial court may resentence appellant as an habitual felony offender, provided the requisite statutory findings are made by the court and supported by evidence. Anderson, 592 So.2d at 1120.