PER CURIAM.
This cause is before us on appeal from a judgment and sentence following a plea of guilty to burglary while armed, kidnapping without a firearm, robbery without a firearm, battery on a person 65 years of age or older, and attempted sexual battery. No sentence was agreed upon in exchange for appellant’s plea.
In Anderson v. State, 592 So.2d 1119 (Fla. 1st DCA 1991), this court held that absent a stipulation by the defense, the trial court must make the findings required by section 775.084(l)(a), Florida Statutes, before imposing a habitual offender sentence. The trial court’s failure to make such findings in the instant case is reversible error. On remand, the trial court may sentence appellant as a habitual offender if the requisite findings are made and supported by the evidence. Anderson, supra.
In addition, the State correctly concedes that the trial court erred in sentencing appellant to a mandatory minimum term for battery on a person over the age of 65. The minimum mandatory provisions of section 784.08, Florida Statutes, only apply to aggravated batteries.
Accordingly, we affirm the judgment but reverse the sentence for proceedings consistent herewith.
BOOTH, SHIVERS and WEBSTER, JJ., concur.
ON MOTION FOR CERTIFICATION
Appellee moves this court for certification of the same question certified in Anderson v. State, 592 So.2d 1119 (Fla. 1st DCA 1991). In view of our express reliance on Anderson, the motion is granted and the following question certified as one of great public importance: Does the holding in Eutsey v. State, 383 So.2d 219 (Fla.1980), that the State had no burden of proof as to whether the convictions necessary for habitual felony offender sentencing have been pardoned or set aside, in that they are “affirmative defenses available to [a defendant],” Eutsey at 226, relieve the trial court of its statutory obligation to make findings regarding those factors, if the defendant does not affirmatively raise as a defense that the qualifying convictions provided by the State have been pardoned or set aside?