CAMPBELL, Acting Chief Judge.
Appellant was convicted of attempted murder in the second degree. On appeal, he challenges only the court’s order of restitution.
Appellant was sentenced within the guidelines, however, the court made no order of restitution in the sentence. Within thirty days of sentencing, appellant filed a notice of appeal. Subsequent to the filing of the notice, the court held a restitution hearing. Appellant was not present. Restitution was ordered.
Appellant argues that it was error to order restitution because once the notice of appeal was filed, the trial court was divested of jurisdiction to enter the order of restitution. We agree based on Dailey v. State, 575 So.2d 237 (Fla. 2d DCA1991). See also Critton v. State, 604 So.2d 933 (Fla. 1st DCA1992).
Because the original sentence was incomplete since it did not provide for restitution or provide reasons not to impose restitution as required by section 775.-089(l)(a), Florida Statutes (1989), the order of restitution is set aside. On remand, the court may modify the sentence under Florida Rule of Criminal Procedure 3.800. The court must follow the proper procedures of notice and a hearing before restitution may be imposed.
FRANK and BLUE, JJ., concur.