SHIVERS, Judge.
Tony Stone appeals his judgment and sentence as a habitual offender. Appellant Stone argues that in sentencing him as a habitual offender the trial judge did not make the findings required by Section 775.-084, Florida Statutes (1989). We agree. The trial court has a mandatory duty to *82 make all the findings listed in subsection 775.084(l)(a). Walker v. State, 462 So.2d 452 (Fla.1985). We therefore reverse and remand for the trial court to make these requisite findings, including whether any prior felony conviction used as a predicate for Stone’s habitual offender classification was pardoned or set aside. See Anderson v. State, 592 So.2d 1119 (Fla. 1st DCA 1991); Jones v. State, 606 So.2d 709 (Fla. 1st DCA 1992). As in Anderson, we certify the following question to the supreme court as one of great public importance:
Does the holding in Eutsey v. State, 383 So.2d 219 (Fla.1980), that the state has no burden of proof as to whether the convictions necessary for habitual felony offender sentencing have been pardoned or set aside, in that they are ‘affirmative defenses available to [a defendant]’, relieve the trial court of its statutory obligation to make findings regarding those factors, if the defendant does not affirmatively raise, as a defense, that the qualifying convictions provided by the state have been pardoned or set aside?
REVERSED and REMANDED.
MINER and ALLEN, JJ., concur.