JOANOS, Chief Judge.
Appellant, Christopher Ray Findley, appeals his sentence as an habitual felony offender. In imposing the habitual felony offender sentence, the trial court failed to make the findings required by section 775.-084, Florida Statutes (1991). Consequently, the habitual felony offender sentence must be reversed and remanded for resen-tencing. Walker v. State, 462 So.2d 452 (Fla.1985); Jones v. State, 606 So.2d 709 (Fla. 1st DCA 1992). At resentencing, the trial court may sentence appellant as an habitual felony offender, provided the requisite statutory findings are made and supported by the evidence. Larry v. State, 610 So.2d 454 (Fla. 1st DCA 1991).
As we did in Jones and in Anderson v. State, 592 So.2d 1119 (Fla. 1st DCA 1991), review pending, S.Ct. 79,535, we certify the following question to the supreme court as a question of great public importance:
Does the holding in Eutsey v. State, 383 So.2d 219 (Fla.1980) that the state has no burden of proof as to whether the convictions necessary for habitual felony offender sentencing have been pardoned or set aside, in that they are “affirmative defenses available to [a defendant],” Eutsey at 226, relieve the trial court of its statutory obligation to make findings regarding those factors, if the defendant does not affirmatively raise, as a defense, that the qualifying convictions provided by the state have been pardoned or set aside?
BOOTH and SMITH, JJ., concur.