JOANOS, Chief Judge.
Appellant, Kim Higgins, appeals his sentence as an habitual violent felony offender. As grounds for reversal, appellant contends: (1) the trial court erred in failing to make the specific findings required by section 775.084(1)(b) and (3)(d), Florida Statutes, before classifying him as an habitual violent felony offender; and (2) section 775.084(1)(b), Florida Statutes, is unconstitutional on equal protection, due process, and double jeopardy grounds, because it increased appellant’s punishment due to the nature of a prior offense. We reverse and remand for resentencing.
Because the trial court failed to make the findings required by section 775.084, Florida Statutes (1991), the habitual violent felony offender sentences must be reversed *605 and remanded for resentencing. Walker v. State, 462 So.2d 452 (Fla.1985); Jones v. State, 606 So.2d 709 (Fla. 1st DCA1992). At resentencing, the trial court again may sentence appellant as an habitual violent felony offender, provided the requisite statutory findings are made. Larry v. State, 610 So.2d 454 (Fla. 1st DCA1992). We find it unnecessary to discuss the second issue, since the constitutional arguments appellant raises were decided adversely to his position in Ross v. State, 601 So.2d 1190 (Fla.1992).
As we did in Jones and in Anderson v. State, 592 So.2d 1119 (Fla. 1st DCA1991), review pending, S.Ct. 79,535, we certify the following question to the supreme court as a question of great public importance:
Does the holding in Eutsey v. State, 383 So.2d 219 (Fla.1980) that the state has no burden of proof as to whether the convictions necessary for habitual felony offender sentencing have been pardoned or set aside, in that they are “affirmative defenses available to [a defendant],” Eutsey at 226, relieve the trial court of its statutory obligation to make findings regarding those factors, if the defendant does not affirmatively raise, as a defense, that the qualifying convictions provided by the state have been pardoned or set aside?
SMITH and ZEHMER, JJ., concur.