SHAW; Justice.
We have for review Hodges v. State, 596 So.2d 481 (Fla. 1st DCA 1992), wherein the district court certified a question of great public importance. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We have since answered the question in State v. Rucker, 613 So.2d 460 (Fla.1993).[1] We quash Hodges and remand for proceedings consistent with Rucker.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, GRIMES, KOGAN and HARDING, JJ., concur.

. We decline to address the second certified question in Hodges dealing with the constitutionality of the habitual offender statute. In his brief before this Court on this issue, Hodges argues exclusively, and for the first time, that the statute is unconstitutional as applied, primarily on racial grounds. Such a challenge requiring resolution of extensive factual matters cannot be raised for the first time on appeal. Trushin v. State, 425 So.2d 1126 (Fla.1982).