OPINION ON REMAND
ERVIN, Judge.
This case is before us on remand from the Florida Supreme Court following appellant’s second appeal to that court in connection with opinions issued by this court. See Fuller v. State, 578 So.2d 887 (Fla. 1st DCA 1991), decision quashed, 595 So.2d 20 (Fla.1992); Fuller v. State, 605 So.2d 1307 (Fla. 1st DCA 1992), quashed, 616 So.2d 49 (Fla.1993). The only question remaining for our consideration is whether the trial court’s failure to make specific findings that appellant’s prior convictions had not been set aside or pardoned in sentencing appellant as a habitual felony offender under Section 775.084, Florida Statutes (1989), constituted harmless error. See State v. Rucker, 613 So.2d 460 (Fla.1993).
When appellant was sentenced, the state introduced certified copies of felony convictions in Circuit Court Case Nos. 85-170, 85-922, 85-923, and 85-925, all of which occurred within five years of the offenses for which appellant was then being sentenced. Appellant admitted all the certified copies were true and correct, and the trial court expressly found that appellant met the statutory criteria for classification as an habitual felony offender. Because the evidence was unrebutted and appellant has made no contention that the convictions had been pardoned or set aside, the trial court’s failure to make more specific findings is harmless. Id.
Appellant’s habitual felony offender sentence is therefore AFFIRMED.
JOANOS, C.J., and MINER, J., concur.